CHARLES KEITH and another *vs.* D. WENTWORTH HAYDEN and others.

October 13, 1879.

**Tax Judgment—Description.**—In a tax judgment a description of the land against which the judgment purports to be rendered, as S.² N. E.⁴ and N. W.⁴ S. E.⁴ of a designated section, township and range, is fatally defective, and the judgment is upon its face of no effect.

Plaintiffs brought this action in the district court for Mille Lacs county to recover damages for alleged trespasses by defendants on certain described pine lands stated to be owned in fee by plaintiffs, and for an injunction to restrain defendants from continuing such trespasses. The defendants justified under a contract with one D. D. Moore, whom they alleged to be owner in fee of the lands in question. The action was tried before *McKelvy, J.,* upon whose findings a judgment was entered for the defendants, and the plaintiffs appealed.

*D. B. Searle, A. P. Barker* and *Chas. D. Kerr,* for appellants.

*Taylor & Storey* and *Wilson & Lawrence,* for respondents.

BERRY, J. To maintain this action, the plaintiffs rely upon two tax titles, the validity of which the defendants deny. One of these titles is based upon a judgment rendered under the provisions of the general tax law found in Laws 1874, c. 1. This judgment is entered in the "real estate tax-judgment book," provided for by law, the left-hand page of the book being divided into columns, with heads and entries thereunder, as follows:

| Names of owners | Subdivision of section, lot or block. | Section or lot. | Town-ship or block. | Range. | Number of acres. | Years taxes due. |
|---|---|---|---|---|---|---|
| D. D. Moore | S.² N. E.⁴ & N. W.⁴ S. E.⁴ | 32 | 40 | 26 | 120 | 1873 |

| Amount of taxes and penalty. | Interest be-fore judg-ment. | Clerk's fees and adver-tising. | Total amount of judg-ment. |
|---|---|---|---|
| 45.58 | 2.28 | .50 | 48.36 |

We are of opinion that the attempted description in the second column is fatally defective. As is found in this case by the court below, there may be a local usage in that part of the state where the judgment was entered, according to which this description would be understood to mean the south half of the north-east quarter and the north-west quarter of the south-east quarter, but there is no general usage of this kind. Neither is this the import of the letters and figures employed, according to the common and ordinary usages of the English language, as the same is spoken and written in this state or in general, nor as it is used in the judgments of courts.

It would never do to hold that judgments of domestic tribunals may be explained by experts, or by proof of the local meaning of their language. This would introduce infinite confusion and uncertainty where clearness and certainty are of capital importance. A domestic judgment must speak for itself, and the courts must be able, by reading it, to determine what it means, without other aid than a knowledge of the ordinary and usual meaning of the words and characters employed, as the same are used in judicial proceedings. Tried by this rule, the attempted description in the judgment in question, as a description of any particular parcels of land, describes nothing. The judgment upon which the plaintiffs' tax title is based is, therefore, upon its face, of no effect whatever, for no argument can be needed to show that a real estate

tax judgment, which does not designate or identify some particular parcel of real estate against which it is rendered, is no judgment at all. In other words, it lacks a subject, and therefore adjudges nothing.

The other tax judgment upon which the plaintiffs rely presents the same defect as respects descriptions, and is therefore also invalid.

Many other supposed defects in both judgments, and the proceedings connected with them, are pointed out by counsel, but it is not necesary to pass upon them at this time. Except as disposed of above, the points and suggestions of the plaintiffs' counsel are, so far as important, disposed of in the opinion of this court in *Tidd* v. *Rines, ante,* p. 201.

Judgment affirmed.