NANNIE W. STEWART *vs.* CHARLES COLTER and another.

January 11, 1884.

|    |     |
|----|-----|
| 31 | 385 |
| 43 | 276 |
| 31 | 385 |
| 45 | 503 |
| 31 | 385 |
| f81 | 71 |

**Taxes—Description of Land—Evidence to Identify.—**In tax proceedings any description of real property is sufficient which points it out in such a way as to leave the public no room for doubt as to what property is intended, although it is not the literally proper description found in the records of title. Testimony to identify a description of the former kind with one of the latter is admissible, but should be such as to show that the two necessarily refer to the same property,

**Names of Persons.—**As a general rule, neither a middle name nor its initial is recognized in law as a neecessary part of a person's legal name.

**Taxes—Notice of Sale.—***Everett* v. *Boyington*, 29 Minn. 264, followed.

**Tax Judgment including a Tax that has been paid.—**When a tax sale of real property has been properly made as respects a delinquent tax of a particular year, the fact that it has been made also, and improperly, for the paid tax of another year, goes not to the jurisdiction of the court to render the judgment, but to its amount. The effect is the same as if the tax for which judgment was properly rendered had been overstated.

**Tax Certificates as Evidence of Title—Redemption.—**To make a certificate of tax sale "*prima facie* evidence of title in the grantee therein," under Gen. St. 1878, *c.* 11, § 85, it is not necessary to prove that there has been no redemption. The auditor's certificate of no redemption, provided for in section 100 of that chapter, is only necessary as a prerequisite to record.

v.31—25

Plaintiff brought this action in the district court for Ramsey county, alleging herself to be the owner in fee of "the following described real estate, situated in the county of Ramsey and state of Minnesota, to wit: Lots numbered four (4) and five (5) in Scribner & Crittenden's subdivision of lots eight (8) and thirteen (13) in Smith & Lott's outlots, according to the plat thereof on file in the office of the register of deeds of Ramsey county." She further alleges that her title arises from tax sales made respectively December 17, 1874, September 20, 1878, and September 18, 1879; that more than five years has elapsed since the first, and more than three years since each of the other sales, and no redemption has been made, nor any action brought to set aside any of the certificates of sale or test the validity of any of the sales, nor has any defense alleging the invalidity of any of the sales been interposed in any action. That the lots are vacant and unoccupied, and the defendant claims some interest in them adverse to plaintiff. Judgment is asked that the title be quieted in plaintiff, etc.

The defendants answered, putting in issue the plaintiff's alleged title, and asserting title in themselves, which assertion was put in issue by the reply. At the trial before *Brill*, J., without a jury, the plaintiff was permitted, against the defendants' objection and exception, to amend her complaint by inserting the words "in block 5" after the words "lots numbered 4 and 5" in the description of the property in the complaint.

To sustain her title under the tax sale of December 17, 1874, the plaintiff introduced in evidence, under objection and exception, two auditor's certificates, (one for each lot,) each conveying one of the lots to the state, and in each of which the lot bid in for the state and conveyed to it is described as in "block 5 of Scribner & Crittenden's subdivision of lots eight (8) and thirteen (13) of Smith & Lott's outlots," and assignments from the state to the plaintiff, describing the lots as in "block 5, Scribner & Crittenden's subdivision of lots 8 and 13, Smith & Lott's addition of outlots to St. Paul." Also the tax judgments rendered November 16, 1874, against the lots, in each of which the lot is described as in "block 5, Scribner & Crittenden's subdivision of lots 8 and 13 of Smith & Lott's outlots." Each of these

assignments was made to "Nannie Stewart," bears date December 15, 1876, and recites that the land had been bid in for the state, and that she has paid into the county treasury "the amount for which the same was so bid in, *and all subsequent taxes, penalties, and interest,* amounting to," etc.

To prove title under the sale in 1878, for the taxes of 1877, the plaintiff introduced, under objection and exception, certificates from the county auditor to "Nannie Stewart" as the purchaser at the sale, dated September 20, 1878, with the auditor's certificate, dated February 27, 1883, that the time for redemption had expired, and the property remained unredeemed. In these certificates of sale the lots are described as in the certificates of 1874.

To prove title under the sale in 1879, the plaintiff introduced "state assignment certificates," in which "Nannie Stewart" is named as assignee, the lots are described as in the former certificates, and it is recited that the tax sale of 1879, at which the lots were bid in for the state, was made in proceedings to enforce payment of delinquent taxes for 1876 and 1878. The defendants offered the tax judgment rendered August 30, 1879, under which the sale was had, which showed that the judgment was rendered for and included the taxes for 1876 as well as for 1878. This was objected to on the ground that, by reason of the statute of limitations, it was incompetent to show any invalidity in the proceedings or attack the title of the plaintiff under the sale in 1879. The objection was sustained and the defendants excepted. The court also excluded proof of the published delinquent list for 1874, with the notice for tax-judgment, which were offered to impeach the judgment.

The plaintiff, in connection with her certificates, and to identify the land therein described with that described in the complaint, introduced the original plat entitled "Smith & Lott's outlots," and also that entitled "Scribner & Smith's subdivision of lots 8 and 13 of Smith & Lott's outlots, St. Paul," and parol evidence tending to prove that these are the only recorded plats of any outlots of Smith and Lott, or either of them, and the only subdivision of any lots made by Scribner & Crittenden; and that there was no property in the county called Smith & Lott's addition.

The court sustained each of the sales and the plaintiff's title thereunder, and ordered judgment in her favor; a new trial was refused, and the defendants appealed.

*Lamprey, James & Warren,* for appellants.

*John B. & W. H. Sanborn,* for respondent.

BERRY, J.   This is an action for the determination of an adverse claim made by defendants to certain property, described in the complaint as "lots numbered 4 and 5, in block 5, in Scribner & Crittenden's subdivision of lots 8 and 13, in Smith & Lott's outlots, according to the plat thereof on file in the office of the register of deeds of Ramsey county," the same being vacant and unoccupied.   To make out her title, plaintiff introduced certain certificates of tax-judgment sales and "state assignment certificates," the property description in which is "lot four" or "lot five," (as the case may be,) "in Scribner & Crittenden's subdivision of lots eight and thirteen, of Smith & Lott's addition of outlots to St. Paul;" also testimony, oral and documentary, showing beyond any reasonable doubt that this description could not refer to anything else than the property designated by the description before quoted from the complaint.   The latter was the literally exact description upon the plat filed in the registry of deeds.   But the purpose of the description of property in tax proceedings being to point it out distinctly, any description which does this in such a way as to leave the public no room for mistake as to what property is intended, is sufficient.   This proposition covers this case.   Testimony to identify property which is the subject of tax proceedings is admissible, as it is for the purpose of identifying the subject of legal proceedings in general.   See *Ames* v. *Lowry,* 30 Minn. 283.   But if there be a variance between the description in tax proceedings of property involved therein, and its technical or literally proper description, the evidence (if any be necessary) in identification of the two should be such as to show that they necessarily refer to the same thing.

2. The objection that the certificates run to Nannie Stewart, and not to Nannie W. Stewart, the name by which the plaintiff sues, is disposed of by the familiar rule that the law does not, except perhaps in special circumstances, such as do not appear in this case,

recognize a middle name or its initial as a necessary part of a person's legal name.

3. With reference to the time within which a county auditor may proceed to advertise a tax sale under the provisions of Laws 1874, *c.* 1, § 122, we see no occasion to depart from the conclusion announced in *Everett* v. *Boyington,* 29 Minn, 264. The matter was carefully considered in that case, and we remain of opinion that it was correctly determined.

4. The "notice for tax judgment," as it is exhibited to us in the paper-book, does not present such defects as were held fatal in *Tidd* v. *Rines,* 26 Minn. 201. *Here* the amount of the tax appears to be properly designated in dollars and cents.

5. Admitting that two of the certificates introduced by plaintiff (Exhibits C and D) show, as insisted by defendants, a tax sale not only for the taxes of 1878, (which is proper,) but also for the taxes of 1876, which had been paid, and for which alone, therefore, a sale could not legally be made, the error is one going not to the *jurisdiction* of the court to render the tax judgment, but to the *amount* of the judgment. The effect would be the same as if the taxes of 1878 had been overstated. The jurisdiction is supported by the delinquency as to the tax of 1878, and the addition of the tax of 1876, while *erroneous,* does not impair jurisdiction. *Kipp* v. *Dawson, ante,* p. 373.

6. Under Gen. St. 1878, *c.* 11, § 85, a certificate of tax sale is *"prima facie* evidence   *   *   *   of title in the grantee therein after the time for redemption has expired." To make the certificate *such* evidence, it is not necessary to prove that there has been no redemption. The auditor's certificate of no redemption, provided for in section 100 of that chapter, is only necessary as a prerequisite to record. These remarks apply to the sale made in 1878 for the taxes of 1877.

The foregoing conclusions dispose substantially of all the important positions taken by appellants, and the result is that the order denying their motion for a new trial is affirmed,