State of Minnesota, *ex rel.* Samuel B. Stanchfield, *vs.* Philip
Dressel, County Auditor.

*December 27, 1887.*

**Constitution — Procedure for Refunding of Taxes is not Judicial.—**
The proceeding under Gen. St. 1878, c. 11, § 148, added by Laws 1881,
c. 10, upon the application of a holder of a tax-sale certificate to have the
amount paid by him for the certificate and subsequent taxes refunded
out of the county treasury, is not judicial in its nature, and the duties
thereby imposed may be performed by other than judicial officers.

**Taxes—Validity of Refunding Proceedings as against Land-Owner.**
After the time to redeem from a tax-judgment sale has expired, the
former owner cannot be heard to question the regularity of the proceed-
ings, under section 148, to refund, upon an application made on the

ground that the tax judgment and sale were void for want of jurisdiction in the court, nor to object to proceedings to enforce the taxes if they were properly levied; for if the sale was void, the taxes were not satisfied by it; if it was valid, the former owner has ceased to have any interest in the land.

Upon the petition of the relator, an alternative writ of *mandamus* was issued out of the district court for Le Sueur county, directed to the respondent as county auditor, requiring him to indorse upon a deed from one Paine to the relator the proper certificate of the payment of taxes, so as to entitle the deed to record, pursuant to Gen. St. 1878, *c.* 11, § 106, or to show cause to the contrary. The respondent interposed an answer, alleging that there were taxes delinquent for the years 1873 and 1874 and other years upon the land described in the deed. The issue was tried, without a jury, by *Macdonald*, J., and a peremptory writ refused. The relator appeals from an order denying a new trial.

*G. S. Ives*, for appellant.

*Cadwell & Parker*, for respondent.

GILFILLAN, C. J. One Paine was the owner of a certain tract of land in Le Sueur county, and in February, 1885, conveyed the same to the relator, Stanchfield, who presented the deed to respondent, auditor of the county, to have the proper certificate of taxes paid, etc., to admit the deed to record, to be indorsed on it. The respondent refused to make such indorsement, alleging as a reason that there were delinquent taxes upon the land.

The facts affecting the claim of delinquent taxes are these: The taxes for the years 1872 and 1873 were duly levied upon the land, and became delinquent. Proceedings, under the law of 1874, to enforce these taxes were had in that year, and resulted in a judgment and a sale of the lands under it, they being bid in for the state, and in 1876 the right of the state was assigned to one Hamilton. In May, 1881, he made petition to the board of county commissioners, alleging that the judgment under which the land had been sold was void, because, for reasons which brought the case within the principle of a decision of this court, the court had no jurisdiction to render it, and asking that the moneys paid by him upon the assignment from

the state to him be refunded. The county commissioners inquired into the truth of the matters alleged in the petition, and found the facts to be as in the petition stated. The petition seems to have been forwarded to the state auditor, and he authorized the refunding of the money paid by Hamilton for the certificate, and it was so done. The relator claims that the proceedings upon the petition of Hamilton were not regular under the statute; that the power, conferred in terms on the county commissioners and state auditor by section 148, chapter 11, Gen. St. 1878, added by Laws 1881, c. 10, § 21, to determine whether a tax sale comes within the meaning of a decision of this court declaring certain tax sales void, is judicial, and cannot be conferred on such officers; and that, indeed, the judgment and sale were valid, and did not come within the meaning of any such decision.

In considering the question presented, we must, so far as this application is concerned, take the relator as standing in the shoes of Paine, his grantor. By the deed from Paine to him he could get no right which his grantor did not have. At the time when the money was refunded to Hamilton, (1881,) the time to redeem from the tax sale had expired, so that if the sale was valid, (as relator insists it was,) the tax title had become absolute, and Paine had no interest whatever in the premises, and it was no concern of his what became of them, nor whether, after that, taxes were rightfully or wrongfully laid on them. On the other hand, if the sale was void, it did not operate to satisfy the taxes. They were still unpaid, notwithstanding the wrongful sale. And if in such case the state choose to return to the purchaser the money paid by him, for which he got nothing, we do not see how the owner can object. In the matter of repaying to the purchaser the money that he paid on the sale or assignment to him, no interest of the original owner is or can be affected. It is a matter solely between the state and the holder of the certificate.

Intrusting to certain officers the duty to determine that the state will return the money, the holder of the tax-sale certificate consenting, involves no judicial function, for no rights are affected except those of the parties to the transaction. If two men get together, and

settle a matter between them, no judicial function is involved, although, in arriving at terms, they may assume to determine what their respective rights are. Nor is the duty, frequently imposed on executive or ministerial officers, to determine when they are to act in behalf of the state, and how, a judicial one. If the case was one in which, under the statute, the money ought to have been refunded, the owner of the land was no way concerned in the regularity of the proceedings by which it was done. No irregularity could prejudice him, and therefore he could not complain of it.

The case rests on one of two propositions: *First,* that, as claimed by the county auditor, the tax judgment and sale were void within the decisions of this court, and therefore left the taxes unpaid; *second,* that, as claimed by the relator, the judgment and sale were valid, and, at the time of the refundment, Paine's interest in the land had been cut off by them. If, after that, the only parties interested,—the state and the holder of the tax certificate,—chose to annul the proceedings and reinstate the taxes, and so give Paine another chance to save his land, he could not object. He was not obliged to avail himself of the chance thus given him. He was not personally liable for the taxes; he need not pay them if he preferred not to do so. On either of these propositions the relator is not in a position to contend that the refusal of the county auditor to indorse his deed, "Taxes paid," was wrong.

Order affirmed.