WILLIAM J. GODFREY *vs.* WILLIAM J. VALENTINE.

March 9, 1891.

**Taxes—Description of Land held Sufficient.**—Certain tracts or lots of platted land have been commonly known as "Hoyt's Outlots" since 1852, when the plat on which the lots were delineated and numbered was filed for record. *Held*, in proceedings to enforce the collection of taxes assessed against these lots as numbered on the plat, that they were otherwise sufficiently described and designated as in "Hoyt's Outlots."

**Same—Laws 1874, c. 1—Resolution Designating Newspaper.**—As Laws 1874, c. 1, § 111, provided that a certain notice should be attached to the delinquent list, and according to section 112 it was provided that both list and notice should be published in the same newspaper, it was not necessary that the resolution adopted by the board of county commissioners, designating the newspaper in which the list was to be published, should specially mention the publication of the notice attached thereto.

**Same—Designation when All Bids are at Same Price.**—At the letting of the publication of the delinquent list there were three parties whose bids were at the same figures for each description of land. These were the only bids made, and the board designated in due form a newspaper mentioned in one of these bids as the one in which the publication should be made. *Held* a compliance with the provisions of Laws 1874, c. 1, § 136.

Appeal by defendant from an order of the district court for Ramsey county, refusing a new trial after a trial before *Otis*, J., and judgment ordered for plaintiff.

*Kitchel, Cohen & Shaw* and *Berryhill & Davison*, for appellant.

*H. L. Williams* and *E. R. Holcombe*, for respondent.

COLLINS, J.[1] Action to determine adverse claims to real property in plaintiff's possession. As his title thereto was fully made out through certain tax certificates, it is not necessary for us to discuss his claim of adverse and exclusive possession for the period of more than 20 years. Plaintiff's original entry was made under a tax-deed issued to him by the county auditor in 1866, but he did not rely on

---

[1] Vanderburgh, J., took no part in this case.

this deed in support of his claim of ownership. However, in the year 1874, there was executed and delivered to him a certificate of sale in due form for taxes delinquent in the year 1873, through which, there being no redemption from the sale, the trial court found that the plaintiff had acquired a fee-simple title and the absolute ownership of the land in dispute. It is the validity of this title which we shall proceed to consider.

The appellant's first claim is that the property was not sufficiently or properly described in either delinquent or published list, in the judgment, or in the certificate. It consisted of two tracts of land of five acres each, numbered, respectively, 9 and 16, on a plat which was made and filed by the then owner of 120 acres, one Hoyt, in the year 1852. The surveyor certified that it was a plat of the W. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$, and the S. E. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$, of a certain section, but no name was given to the plat by the owner, as is usually done. From the undisputed testimony it appears that, from the filing of the plat in 1852 to the present time, this platted property was well and generally known and called "Hoyt's Outlots" by all of the county officers, by the real-estate dealers, and by all other persons who had occasion to refer to it. The county surveyor habitually mapped any part of it in this way, and the register of deeds and county abstractor always so designated the lots when making abstracts of title. The lots were taxed and assessed in this way, and several of the lots were platted as such by their owners, without a more definite description. When deeded, the lots were universally described as of "Hoyt's Outlots," being a part of the government subdivisions before mentioned. In all of the tax proceedings herein involved the premises were described as lots 9 and 16 of Hoyt's Outlots, and this was sufficient. It would be difficult to find a case falling more directly within the rule as to a well-known and commonly repeated description or designation laid down, with reference to tax proceedings, in *Stewart* v. *Colter*, 31 Minn. 385, (18 N. W. Rep. 98;) *Gilfillan* v. *Hobart*, 34 Minn. 67, (24 N. W. Rep. 342;) and *Chouteau* v. *Hunt*, 44 Minn. 173, (46 N. W. Rep. 341,) than that at bar.

The judgment itself was in the prescribed form and valid on its face. In the descriptive portion, there appears in the first or left-

hand·column the names of the owner of each parcel in regular order, and under a proper heading.  The second column was headed "Subdivision of Section, Lot, or Block," and underneath this, but separated by a head-line, was the general designation, "Hoyt's Outlots." In the third column, with the heading "Section or Lot," were figures on a line with the names in the first column, among others "9" and "16."  Across the second column, and thus reaching from the alleged owner's name to each of these figures, was a dotted line.  It would seem to be perfectly plain that the description of lots 9 and 16 and the owner's name fully appeared from this, and that there could have been no doubt in the mind of the man of ordinary intelligence that judgment was entered against these particular tracts of land. This satisfied the statute in the matter of description.

The statute under which these tax proceedings were had, required (Laws 1874, c. 1, § 111) that the clerk of the district court should make a copy of the delinquent list, and attach thereto a notice, substantially in the form given; this list and notice (section 112) to be published in a newspaper to be designated by the board of county commissioners at their annual meeting in January, or at a meeting held on the third Monday in June.  The validity of this judgment is questioned, because, in the resolution adopted by the board designating the newspaper, the delinquent tax-list only was mentioned, no reference being made to the notice.  The latter is attached to—that is, made a part of—the delinquent list; and, when a paper is designated in which the list is to be published, it necessarily follows by implication that the notice is to be published with and as part of it. It has been so held in regard to the publication of a forfeited list, which was .required by law to be appended to the delinquent list. *Kipp* v. *Dawson*, 31 Minn. 373, (17 N. W. Rep. 961, and 18 N. W. Rep. 96.)  The resolution sufficiently covered the required publication, and was adopted by the board at a meeting held on the third Monday in the month of June.

Under the provisions of Laws 1874, c. 1, § 136, it was the duty of the county board to let the publication of the delinquent list to the lowest bidder having certain qualifications.  On the trial it was made to appear that at the letting there were three parties whose bids were

at the same figures for each description of land, only one of whom was, or could have been, awarded the publication. The extremely technical point is made that under these circumstances there was no lowest bidder, and that the action of the commissioners in designating a newspaper mentioned in one of these three bids (the only bids made) as the one in which the publication should be made, was an irregularity which rendered the judgment invalid. The statute, in prescribing that the publication should be let to the lowest bidder, failed to provide for the contingency which arose when the bids were opened in this case; but for that reason there should be no absurd construction placed upon it; and, when the board designated the paper published by one of the lowest bidders, the law was complied with. Again, a newspaper having been designated, and the list published therein in the manner provided by the statute, jurisdiction to enter the judgment was obtained. The act complained of, even if it could be magnified into an irregularity, did not affect the jurisdiction of the court to proceed to the entry of the judgment, and its regularity could not be affected by a failure upon the part of the commissioners to strictly obey the statute in reference to the letting. The suggestion of counsel for appellant upon this branch of the case, and in reference to the approval of the bond by the county board, needs no special consideration. See *McKusick* v. *City of Stillwater*, 44 Minn. 372, (46 N. W. Rep. 769.)

It is also claimed that the records should have shown affirmatively that the newspaper designated for the publication of the list possessed the qualifications specified in said section 136, but this contention was long ago disposed of in *Kipp* v. *Collins*, 33 Minn. 394, (23 N. W. Rep. 554.)

In conclusion we can say that we have carefully examined the remaining assignments of error made in appellant's brief in reference to the regularity of the tax proceedings for the year 1873, but we have been unable to discover anything in the record which deserves further discussion. So far as appears, the proceedings which terminated in the sale to plaintiff were regular and in compliance with the statutes. As an inevitable result, the certificates issued to the plaintiff in the year 1874 conferred upon him per-

fect title to the lots therein described, upon the expiration of the period of redemption.

Order affirmed.

NOTE. A motion for a reargument of this case was denied April 13, 1891.