ROSA J. GRIBBLE v. W. O. LIVERMORE.

June 9, 1898.

Nos. 11,118—(142).

Tax Judgment—Insufficient Description—Evidence to Identify "Ninninger's Addition."

The defendant claimed title to the south half of lots 13, 14, 15 and 16 in block 4 in Ninninger's addition to the city of St. Paul, in Ramsey county, under a tax judgment which, as respects the description of the property, was in the following form:

| Subdivision of Section, Lot, or Block. Ninninger's Addition. | Section or Lot. | Township or Block. | Range. | No. of Acres. |
|---|---|---|---|---|
| S. ½ of 13, 14, 15, and | 16 | 4 | | |

There was no evidence that there was a Ninninger's addition in the city of St. Paul, or that there was no other Ninninger's addition in Ramsey county, or any evidence of any kind aiding, explaining, or applying the above description. *Held*, that the description was insufficient, and the tax judgment void, as respects the premises in controversy.

Appeal by defendant from a judgment of the district court for Ramsey county in favor of plaintiff, entered in pursuance of the findings and order of Willis, J. Affirmed.

*Howard L. Smith*, for appellant.

*Edwin Gribble*, for respondent.

MITCHELL, J.

This was an action to determine an adverse claim of the defendant to the south half of lots 13, 14, 15, and 16 in block 4, Ninninger's addition to the city of St. Paul, in Ramsey county. It is admitted that plaintiff has the title unless it has been devested by the tax title under which defendant claims. The case was here on a former appeal, in which we affirmed the order of the trial court granting plaintiff's motion for a new trial. 64 Minn. 396, 67 N. W. 213. Upon the second trial the court found that the tax judgment under which defendant claims was in the form set out in the double page contained in the record, which, as respects the description of the property, is as follows:

| Subdivision of Section, Lot, or Block. Ninninger's Addition. | Section or Lot. | Township or Block. | Range. | No. of Acres. |
|---|---|---|---|---|
| S. ½ of 13, 14, 15, and | 16 | 4 | | |

No error is assigned as to this finding. There is neither evidence nor finding aiding, explaining, or applying this description. We are of opinion that it is fatally defective, and hence that the judgment is void. There is nothing in the description to show that the lots attempted to be described as the Ninninger's addition referred to are in the city of St. Paul. If it had been made to appear that there was a Ninninger's addition in St. Paul, and that there was no other Ninninger's addition in Ramsey county, it might have been sufficient; but, in the absence of any such showing, it is impossible to hold this to be a good description.

The trial court held that this tax judgment was void and of no effect as respects the land described in the complaint, and that plaintiff was entitled to judgment quieting her title to the property against any right, title, interest, claim, or lien of the defendant therein or thereto; and judgment was entered accordingly. So far as appears, the defect was exclusively in the judgment, and not in the assessment.

It also appears that, when the defendant took his state assignment certificate, he paid all subsequent delinquent taxes on the premises described in the complaint, as well as the amount for which the land was sold on the judgment; also that he has since paid the taxes for 1891 on the same premises, and it does not appear that the plaintiff has paid any of these taxes into court for the benefit of the defendant, as required by the first proviso of G. S. 1894, § 1610, in actions to vacate or set aside a tax judgment. Neither party has referred to this matter in his brief, and we have no time to examine it.

The judgment is affirmed, but without prejudice to the right of the defendant to apply to the court below to have the judgment vacated until the plaintiff complies with the provisions of the statute referred to, or to have it modified so as to save his lien for the amount of taxes which he has paid.