MINNEAPOLIS RAILWAY TERMINAL COMPANY v. MINNESOTA DEBENTURE COMPANY.[1]

August 1, 1900.

Nos. 12,207—(256).

### Taxes—Description of Land—Plat of Auditor's Subdivision—G. S. 1894, § 1626.

A certain map or plat, made by the county surveyor of Hennepin county, by order of the county auditor, in accordance, as claimed, with the provisions of G. S. 1894, § 1626, known as "Auditor's Subdivision No. 32," and filed and recorded in the office of the register of deeds for said county, May 1, 1886, held valid, and sufficiently definite and certain, as to the location of the platted property, to be a basis for the proceedings against a tract of land thereon designated as lot 1.

### Plat in Evidence—Foundation.

Before introducing said plat in evidence, it was not necessary to show that the conditions existed which will, under the terms of said section 1626, authorize the auditor to act.

[1] Reported in 83 N. W. 485.

Taxes—Use of Common Description.

> Stewart v. Colter, 31 Minn. 385, and subsequent cases, followed, as to the sufficiency of using a well-known and commonly reputed description of said property in tax proceedings.

Two Parcels Taxed as One Parcel—Collateral Attack.

> That the tract designated and described in all of the proceedings as one parcel was in fact two, owned by different persons, might have been a defense if presented when application for judgment was made, but, under the circumstances shown here, that fact is not available as a defense in a collateral attack upon a judgment against the tract as one parcel.

Action of ejectment in the district court for Hennepin county. The case was tried before Elliott, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*C. W. Bunn, L. T. Chamberlain* and *Samuel Whaley,* for appellant.

*Charles J. Tryon,* for respondent.

COLLINS, J.

Action in ejectment tried by the court without a jury. On findings of fact, judgment was ordered in defendant's favor, and the appeal is from an order denying plaintiff's motion for a new trial.

Defendant's possession of the premises was sufficient to justify and support the order for judgment, unless the plaintiff established its title at the trial, and, as a consequence, its paramount right to possess and occupy. To state the main points in the controversy, basing such statement on the proofs, the plaintiff was not entitled to recover unless it had acquired title through certain condemnation proceedings instituted in its behalf in the year 1887; nor was it so entitled if it had thereafter lost its rights through certain tax proceedings for the year 1892, whereby it was claimed by defendant the title had passed to one Baring-Gould in the year 1898; nor was it so entitled if it had, subsequent to the condemnation proceedings, lost its rights by means of certain other and later tax proceedings for the 1893 taxes, through which, it was contended by defendant, the title had finally been vested in itself. To put it in the language of counsel, plaintiff could not succeed if defendant's 1893 tax title be

found good, or if the Baring-Gould tax title be valid, or if plaintiff's title as originally obtained be defective and insufficient.

1. As we regard the case, it is unnecessary for us to consider the several objections made to the various muniments of title on which plaintiff relied in support of its claim that the late Henry T. Welles was the owner of the land in dispute at the time of the commencement of the condemnation proceedings, nor is it necessary that we should pass upon the contention of counsel that plaintiff failed to acquire title to these premises through such proceedings; for we are of the opinion that, in so far as has been shown by the record now before us, the tax proceedings were regular and valid, and they operated to transfer the title from the fee owner, and to vest it in one or the other of the parties mentioned in the tax certificates. As between these parties, we are not required to decide.

2. In the complaint, the land, a triangular tract, was described by metes and bounds, its southerly line being 81.39 feet upon First street South, in the city of Minneapolis; its westerly line, at right angles with its aforesaid southerly line, 77.5 feet along Third avenue South extended; and its other, connecting the two before mentioned by a curved line about one hundred thirteen feet in length. A plat of this tract of land was attached to, and made a part of, the complaint, on which plat appeared the lines of the street and avenue before mentioned, as well as the curved line between it and the abutting property, the right of way of the Minneapolis & St. Louis Railway Company. We mention this for the purpose of referring to the plat later on.

Two objections only were made to the validity of these tax proceedings,—one, that the description of the property contained in all of the proceedings, and found in each of the certificates of sale and in the notices of expiration of the period of redemption, was invalid; and the other, that, if the description was sufficient, the lands of two distinct owners had been assessed, taxed, proceeded against, and sold as one parcel. This, in itself, it was asserted, would render the entire proceedings abortive.

The tract in controversy was described in all of the tax proceedings as lot 1, in Auditor's Subdivision No. 32. If this description

was sufficient under the tax laws, there is nothing whatever in the first-mentioned objection. To show that it was, there was introduced in evidence a map or plat of a tract of land which had been made by the county surveyor, and filed and recorded in the office of the register of deeds for Hennepin county, in which county the premises are situated, on May 1, 1886, more than one year prior to the initiation of the proceedings to condemn, and at least six years before the assessment for taxation, on which was rested the earliest of the before-mentioned tax certificates. This map or plat was prepared, as certified by the county surveyor, in accordance with section 108 of the general tax law of 1878 (G. S. 1894, § 1626), and by order of the county auditor. It is contended by plaintiff's counsel that the plat is invalid, defective, not authorized by law, and insufficient as a basis of a description of the land in question, several grounds for the contention being urged. It is argued (a) that there must be proof of the existence of the conditions which will, under the terms of section 1626, authorize the auditor to cause an irregular tract of land to be platted before such a plat is valid or admissible in evidence; (b) that the plat does not describe any land with certainty or at all; (c) the plat does not show that the land is in the state of Minnesota; (d) it does not disclose that the land is in the county of Hennepin; (e) it does not show that the land is in the city of Minneapolis.

We are of opinion that the preliminary proof insisted upon by counsel was not essential to the use of the plat for taxing purposes or for its introduction in evidence. It is not to be presumed that the auditor disregarded his official duty, and caused the county surveyor to make the plat, without prior request upon the owners of the lands to comply with the law, and to make and file the plat themselves. From the fact that this plat was made and filed at the instance of the county auditor, the presumption is that he was authorized by the circumstances to cause the county surveyor to act as provided in the statute.

We cannot agree with counsel that the plat fails to describe the land with certainty. It appears therefrom that the land platted, embracing several descriptions or lots, is in the city of Minneapolis, in Hennepin county, state of Minnesota. First street, Third avenue,

and the right of way of the Minneapolis & St. Louis Railway Company are delineated on the plat. Southerly of First street are two blocks designated and described as 17 and 18. From another plat, of record in the office of the register of deeds, introduced in evidence, these blocks are found to be in the town site of Minneapolis, as laid out in 1855. A triangular tract of land is marked "1" on the auditor's plat. It is practically of the size, according to the figures given, of the tract appearing on the map attached to the complaint. Its southerly line is upon First street,—its westerly at right angles, upon Third avenue extended, while the connecting line in the rear is curved so as to conform to the line of the abutting property, the railroad right of way. In fact, any person of ordinary intelligence, on examination of these two plats, the one prepared by the county surveyor and that attached to the complaint, would understand at once that the tracts as delineated on each are one and the same parcel of land. Nor would there be a particle of difficulty in locating the several parcels of land covered by the auditor's plat. The blocks numbered 17 and 18 across First street, the location of Third avenue, of First street, and especially the fact, shown on both plats, that as First street comes up to the triangular tract, and exactly as it reaches its southwesterly corner, it is diminished in width from eighty on the west to forty-five feet on the east, serve to fix and locate the auditor's plat with precision and certainty. If made by the owners of the land, it would be valid beyond a doubt. If such owners should convey by express reference to it, no question could arise as to the sufficiency of their conveyance. It was made by direction of a public officer, for the purpose, as authorized by statute, of designating and describing certain tracts of land for the purposes of taxation. It was sufficient for such purposes.

The statute expressly provides that a description in accordance therewith shall be deemed a good and valid description of the lots or parcels so described. It was not necessary to connect the owners of the land affected thereby with it, and lot 1 thereon was sufficiently described and designated by the numeral "1," by metes and bounds, and by the public thoroughfares on two sides, and the railroad right of way on the other. As to the sufficiency of the description in accordance with plats on record in the office of the regis-

ter of deeds, see Chouteau v. Hunt, 44 Minn. 173, 46 N. W. 341; Sperry v. Goodwin, 44 Minn. 207, 46 N. W. 328. In view of what has been said, it is hardly necessary to consider the curative act of 1889 (G. S. 1894, § 2326), and its effect, if the plat was, in fact, defectively executed.

In addition to this, however, there was evidence offered and received to the effect that this particular tract had, from a time anterior to any of these tax proceedings, been commonly known and designated as lot 1, Auditor's Subdivision No. 32. This evidence established the claim of defendant's counsel that with the county officers, abstractors, real-estate dealers, and other persons, who had occasion to refer to the property, this tract was well and generally known as such lot 1. This evidence was strong and uncontroverted. It was not offered to support or validate the plat. It was received to show the well-known and common method of designation. Testimony to identify property which is the subject of tax proceedings is as admissible as it is for the purpose of identifying the subject of legal proceedings in general. Stewart v. Colter, 31 Minn. 385, 18 N. W. 98.

No reason can be perceived why the owner of property, upon which he has failed to pay taxes, should not be bound to know that by common repute his property has acquired a well-known designation, differing from its original or technically accurate designation, nor why such reputed designation should not be sufficient in tax proceedings. A description or designation which ascertains the premises, as a well-known and commonly reputed one does, must be sufficient. Gilfillan v. Hobart, 34 Minn. 67, 24 N. W. 342. As was said in Godfrey v. Valentine, 45 Minn. 502, 48 N. W. 325, when considering the same question, it would be difficult to find a case falling more directly within the rule as to a well-known and commonly reputed description or designation, laid down with reference to tax proceedings, than that at bar.

3. As before stated, it is contended that the premises described in the tax proceedings consisted of two distinct parcels of land, with different owners, and for that reason the certificates failed to deprive plaintiff of its title. It may be that in the auditor's plat there was a slight encroachment upon the property of another party at

the northwesterly corner of lot 1. But the entire tract was assessed and proceeded against as one parcel. That it was not one, but two, parcels, with separate owners, might have been a defense if presented when application for judgment was made, but it is not available as a defense in this action. The owner or owners of the tract are concluded by the judgment in the proceedings against the property itself. The land may not have been properly assessed, but, so assuming, "this might have been a good defense to the application for judgment, or, upon proper showing, a ground for opening the default judgment and granting leave to plaintiff to defend on the merits, but is not available as a ground of collateral attack on the tax judgment. Irregularities or defects in the assessment do not go to the jurisdiction of the court to render the tax judgment. G. S. 1894, § 1582." McNamara v. Fink, 71 Minn. 66, 73 N. W. 649. See also Davis v. Board of Co. Commrs., 75 Minn. 59, 77 N. W. 548.

That the jurisdiction of the court in tax proceedings is not affected by the fact that two contiguous parcels of land, platted as one, and well and commonly known as one, have been proceeded against as one, is self-evident. The true ownership of the lands sought to be charged by tax proceedings is not material. McQuade v. Jaffray, 47 Minn. 326, 50 N. W. 233. But the rule contended for by appellant would render such ownership most vital. The state would be compelled to ascertain ownership of parcels at its peril, and to suffer whenever the local officers erred. If there was an error in this respect, the entire proceeding as to the improperly assessed property would be vitiated. No such burden as that involved in counsel's proposition can be imposed upon the state.

4. We have examined the assignments of error relating to the admission of evidence, but, as we look at the case upon its merits, nothing special need be said concerning them.

Order affirmed.