STATE ex rel. NATIONAL BOND & SECURITY COMPANY v. ROBERT C. DUNN.[1]

January 30, 1903.

Nos. 13,349—(273).

**Refunding Taxes by State Auditor.**

On certiorari to review the decision of the state auditor made on an application to him under G. S. 1894, § 1697, for the refundment of certain taxes, the statute is construed, and *held* not to authorize or require that officer to determine by a course of judicial reasoning that a tax certificate presented to him is invalid, within the meaning of a decision of the supreme court. He can authorize a refundment under that statute only in such cases as come squarely within, and are practically similar to, a prior decision of this court.

**Invalid Tax Certificates.**

The defects claimed to invalidate the tax certificate involved in this matter are not such as to require the state auditor to hold the same invalid, within the meaning of any decision of this court.

Writ of certiorari issued from the supreme court upon relation of National Bond and Security Company, to review a decision of the state auditor denying a petition made by relator under G. S. 1894, § 1697, for the refunding of certain taxes. Writ discharged.

*William G. White*, for relator.

*W. B. Douglas*, Attorney General, *F. H. Boardman*, County Attorney, and *C. L. Smith*, Assistant County Attorney, for respondent.

BROWN, J.

Certiorari to review the decision by the state auditor denying the petition of relator, made under and pursuant to G. S. 1894, § 1697, for the refundment of certain taxes.

The short facts are as follows: Under and pursuant to the statute referred to, the relator presented a petition to the board of county commissioners of the county of Hennepin, setting forth facts claimed to invalidate a tax certificate held by it on land in

[1] Reported in 93 N. W. 306.

that county, upon the presentation of which the commissioners made inquiry into the truth of the facts there alleged, and, upon being satisfied that they were fully and fairly stated, certified the same to the state auditor for his action. The state auditor, upon consultation with the attorney general, denied the prayer of the petition, and the matter was brought to this court by certiorari.

The first question to be considered is the proper construction of the statute on which the relator based his petition. The statute provides, in substance and effect, that whenever the holder of any certificate of tax sale, who is not in possession of the land covered thereby, shall petition the county commissioners of the county in which the land is situated, setting forth facts claimed to invalidate the certificate, the county commissioners shall inquire into the truth of the facts alleged, and, when satisfied that they are fully and fairly stated, so certify to the state auditor; and the latter is required, if satisfied, after consultation with the attorney general, that the facts stated in the petition render the tax certificate invalid, within the principle of any decision of the supreme court, to authorize the refundment of the amount paid for the certificate, with interest, together with the amount of any subsequent taxes paid by the holder thereof.

The legislature, no doubt, intended by this statute to obviate the necessity of bringing an action to determine the validity of any tax certificate in cases where some decision of the supreme court was decisive upon the question; and, to that end, the state auditor was empowered to authorize a refundment in all cases where any such decision invalidated a particular certificate. Section 1610 provides for the refundment of taxes in all cases where the tax certificate has been adjudged invalid by any court of competent jurisdiction, and furnishes a speedy and adequate remedy and relief to persons who have invested in tax titles. But by section 1697 the legislature intended to obviate the necessity of bringing such an action in all cases where the questions presented in any particular case had been previously decided by this court. It was not the intention that the state auditor should act in a judicial capacity, and determine the validity or invalidity of any

tax certificate by reasoning or analogy from decisions of this court. If such had been the purpose of the legislature, the statute could not be upheld. It was practically so decided in the case of State v. Dressel, 38 Minn. 90, 35 N. W. 580. It was there said that proceedings under this statute were not judicial in their nature, and that the duty thereby imposed might be performed by other than judicial officers. If that decision be correct,—and we have no reason to question its soundness,—it follows that the state auditor, in determining the validity or invalidity of a tax certificate in proceedings under section 1697, must be guided and controlled by such decisions of this court as may be said to be on "all fours" with the case presented to him.

The statute must be strictly construed to keep it within constitutional limits. If it be held to clothe the state auditor with power to determine by a course of judicial reasoning that a particular decision of this court covers the facts of the case presented to him, he becomes a judicial officer, and exercises functions committed by the constitution exclusively to the courts. It is wholly unlike those statutes which permit the state auditor and other executive officers of the state to exercise certain power and authority in determining preliminary steps in tax proceedings, such as State v. Dunn, 86 Minn. 301, 90 N. W. 772. So that if any case presented to the state auditor under this statute cannot be said to be squarely within, and practically similar to, a prior decision of this court, he is not required to go further, and fully performs his duty by refusing the relief prayed for. In this light, it is only necessary to call attention to the facts relied on by relator as showing the invalidity of the tax certificate in question, and then to inquire whether the state auditor was required to hold that any decision of this court was squarely in point, to the effect that it was invalid.

The first objection made to the certificate is that several tracts of land were taxed under one description. The description of the land as it appears in the tax judgment, and also the certificate, is the

"N. E. $\frac{1}{4}$ N. W. $\frac{1}{4}$ (Exc. R. R. and Sts.) section 1, township 29, range 21."

The land is located within the limits of the city of Minneapolis, but was never platted. The authorities of the city some time prior to the levy of the tax in question laid out certain streets over and across the land, and a railway company acquired a right of way over the same. The contention of relator is that, by the act of laying out streets and the construction of the railroad across the land, it became divided into several tracts, and should have been assessed accordingly. It is also contended that the description is rendered indefinite and uncertain by the letters or characters "Exc. R. R. and Sts.," which are included as a part of the same.

We find no decision of this court which by any course of logical reasoning can be said to sustain relator's position in respect to the first objection noted, nor any decision which would authorize or require the state auditor to say that the tax certificate in question was invalid, within its meaning, by reason of the second objection.

It is also claimed that the description is fatally defective, within decisions of this court, for the reason that the range in which the land is located is erroneously stated. The range is given in the certificate as No. 21, which is in Washington county, when it should have been 24. But it appears from the proceedings that the land intended to be taxed is in Hennepin county, in the city of Minneapolis, and in the Ninth ward of that city. Whether this description is fatally defective, we are not clear. No decision of this court to which our attention has been called can be said to have squarely passed upon the question. It is contended by respondent, in support of the sufficiency of the description, that the court should take judicial notice where the Ninth ward of the city of Minneapolis is actually located; i. e., in what township and range. Whether this is so, we need not determine. We are not required at this time to pass upon the validity of the tax certificate in respect to this question, or as to the other questions, or to hold whether any of them are fatally defective. The only question before us is whether any prior decision of the court, as to either of the objections, is squarely in point to the effect that they are fatal; for that was all the state auditor was required or can

be permitted to pass upon, within the purview of the statute. For the reason that there are no such decisions,—at least, none so clearly in point as to leave the matter free from doubt,—the decision of the state auditor must be sustained.

Writ discharged.