NATIONAL BOND & SECURITY COMPANY v. BOARD OF COUNTY COMMISSIONERS OF HENNEPIN COUNTY and Others.[1]

December 4, 1903.

Nos. 13,648—(113).

**State Assignment Certificate.**

A state assignment certificate, made pursuant to G. S. 1894, § 1601, is not void because the purchaser did not pay taxes which were then due and unpaid, but not delinquent.

**Tax Sale.**

If, in the proceedings culminating in a tax judgment, several separate tracts of land are assessed and treated as one tract, and judgment is entered against the land as one tract, the auditor must follow the judgment, and sell the land as one tract. The land here in question is, in law and in fact, one separate tract.

**Description in Judgment—Evidence.**

A description in a tax judgment which distinctly points out the land in such a way as to leave no room for mistake as to what property is intended is sufficient, and evidence of extrinsic facts is admissible to apply

[1] Reported in 97 N. W. 413.

the description and identify the land. Rule applied, and *held* that the description of the land in the tax judgment in this case is sufficient.

**Description in Delinquent List.**

    A description of land in the published delinquent list is sufficient if it so describes the land that the owner and all other interested parties may identify it with reasonable certainty. The description of the land in the delinquent list herein is sufficient, within this rule.

Action in the district court for Hennepin county to vacate as to certain land a tax judgment and a state assignment certificate of sale issued thereon, and to recover from the county the amount paid for said certificate and for subsequent delinquent taxes upon the premises. The case was tried before Pond, J., who found in favor of defendants. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

    *William G. White,* for appellant.

    *F. H. Boardman,* County Attorney, and *C. L. Smith,* Assistant County Attorney, for respondents.


START, C. J.

The plaintiff, as the assignee of a tax certificate, brought this action against the county of Hennepin and the original owner of the land sold for taxes to have the sale and certificate adjudged void, and for the recovery from the county of the amount thereof, with interest. The county appeared and answered, asserting the validity of the sale and certificate, but the original owner did not appear. The trial court made its findings of fact, and, as a conclusion of law, found that the plaintiff was not entitled to any relief against the county, and directed judgment accordingly. The plaintiff appealed from an order denying its motion for a new trial.

There is no dispute as to the facts, and the only question here for review is whether the findings of fact sustain the conclusions of law; that is, do they show that the certificate is valid? The facts, as found by the trial court, are, briefly stated, these: The northeast quarter of the northwest quarter of section 1, township 29, range 24, is located in the county of Hennepin, in the state of Minnesota, and in the Ninth Ward of the city of Minneapolis. This tract of land is subject to the easement of a railroad right of way—acquired by condemnation proceedings which are a matter of public record—two hundred feet in

width. The right of way is fenced, and actually used and occupied by the railway company as such. There are also upon and across the tract four public streets of the city of Minneapolis, legally laid out pursuant to the statute and the charter of the city. The proceedings whereby the streets were laid out, including maps and plats thereof showing the location of the streets on the ground and across the railway right of way, were duly filed and recorded. The streets, as laid out, extend directly north and south across the tract, but they have never been graded. The land, except the right of way, has never been fenced or used for any purpose, except occasionally for the grazing of cattle, and ever since the year 1887 has been known as the Henry H. Gregg (the original owner) tract, and in tax proceedings ever since has been so designated. It has never been platted.

On March 21, 1895, a tax judgment was entered against this tract of land in the district court of the county of Hennepin for the taxes delinquent thereon for the year 1893, in which the land was described as follows: "N. E. ¼ N. W. ¼, Section 1, Township 29, Range 24, exc. R. R. and Sts." But in the published delinquent tax list in the proceedings culminating in the judgment it was described as being in the county of Hennepin, city of Minneapolis, Ninth Ward thereof, in section 1, township 29, range 21. Otherwise the description was the same as in the judgment. Under the head of name of owner or to whom assessed, the name of Henry H. Gregg appeared. The dividing line between ranges 23 and 24 runs north and south through the Ninth Ward of the city of Minneapolis; and a portion of the ward is located upon township 29, range 23, and the remainder thereof upon township 29, range 24. There is no range 21, either in the city of Minneapolis or in Hennepin county, and there is but one section 1 in the Ninth Ward of the city of Minneapolis. On May 11, 1895, at a tax sale pursuant to the tax judgment, the land was duly bid in by the state—there being no bidders—for $959.78; and on July 20 of the same year the county auditor executed to the plaintiff's assignor a state assignment certificate of the land, in the usual form, for the sum of $978.96. At this time there were no subsequent delinquent taxes against the land, but the taxes for 1894 were then due and unpaid; but the assignee of the state did not pay them until January 16, 1896, when it paid therefor the sum of $893.30, and received a receipt therefor in the usual form.

91 M.—5

The plaintiff has succeeded to all the rights in the premises of such original purchaser. The plaintiff here urges that the state assignment certificate and tax receipt are void, for four reasons:

1. The first alleged reason is that the purchaser of the state interest in the land did not pay the taxes for the year 1894, when he took the state assignment certificate. In support of this proposition, counsel cite and rely upon the following cases: Security Trust Co. v. Von Heyderstaedt, 64 Minn. 409, 67 N. W. 219; Doherty v. Real Estate T. I. & T. Co., 85 Minn. 518, 89 N. W. 853; Hoyt v. Chapin, 85 Minn. 524, 89 N. W. 850. None of the cases cited is in point.

The first one arose under a provision of the charter of the city of St. Paul which, in legal effect, so limited the authority of the city treasurer in selling land by virtue of a tax judgment that he had no power to sell for less than the total amount of the judgment, interest, and costs. A sale was made for a sum less than such total amount, and it was held to be void.

The second case cited was one where the land had been bid in by the state, and its interests were afterwards assigned to a purchaser pursuant to G. S. 1894, § 1601. There were then unpaid subsequent delinquent taxes on the land, which the purchaser was not required to pay when the state assignment certificate was delivered to him. The certificate, for this reason, was held void, because the auditor had no authority to make it unless such delinquent taxes were paid.

In the last case (Hoyt v. Chapin) there was a sale pursuant to G. S. 1894, §§ 1616, 1617, providing for the sale of land forfeited to the state. There were unpaid current taxes on the land when the auditor made a deed thereof to the purchaser, and it was held that the auditor was not authorized to make the deed without the payment of such current taxes.

Now, in the case at bar the facts are radically different from the facts in any of the cited cases, for this is a case of an assignment, under the provisions of section 1601, by the state of its interest in the land bid in by it, but which had not been forfeited to the state. In such cases the current unpaid taxes are not required to be paid before the execution of the state assignment certificate, but only subsequent delinquent taxes. There were no such delinquent taxes at the time of the making of the certificate here in question. We therefore hold that the failure

to pay the current taxes, not then delinquent, did not affect the validity of the certificate.

2. The second reason urged why the certificate is void is that several separate tracts of real estate were sold by the auditor as one. The county auditor, in selling land pursuant to a tax judgment, is required to sell—

> "Each piece or parcel of land separately in the order in which they are described in the judgment, and by the description therein." G. S. 1894, § 1592.

The land in this case was sold by the description of it in the judgment. The descriptions in the certificate and judgment are identical. The judgment treats the land as a single tract, and the auditor was bound to follow the judgment in this respect, and sell by the description therein. If in the proceedings culminating in a tax judgment several separate tracts of land are assessed and treated as one tract, the landowner's remedy would be by answer; but, after judgment is entered against the land as one tract, the auditor·must follow the judgment, and sell it as one tract. In such a case the land owner's remedy is lost by not answering. Minneapolis Ry. T. Co. v. Minnesota D. Co., 81 Minn. 66, 83 N. W. 485. But this aside, it is clear from the facts found by the trial court that the land here in question is·in law and fact one separate tract. Such facts show that the land is a single government subdivision, owned by one person, who has never platted it, nor used it in any manner inconsistent with the claim that it is a single tract. The mere fact that the railway company and city acquired easements for right of way and streets over the land did not convert what was a single tract of land into several physically separated tracts.· State v. Dunn, 88 Minn. 444, 93 N. W. 306. It follows that several tracts of land were not sold as one tract, and that the certificate is not void for the second alleged reason stated.

3. The next reason is that the description of the land in the judgment is so indefinite and uncertain that the judgment is void. The land is described in the judgment as follows:

> "N. E. ¼, N. W. ¼ Section 1, Township 29, Range 24, exc. R. R. and Sts."

There is here no controversy about the meaning of the clause "exc. R. R. and Sts.," for it is practically conceded that it excepts from the tract of forty acres so much thereof as has been taken for a railroad and public streets. It is also an admitted fact that the excepted portion may be identified by a reference to the public records of the county of Hennepin, and, further, that the part taken by the railroad is marked out on the ground.

The point made, however, by counsel for the plaintiff, is: "There is no attempt, however, in the judgment, to identify or determine how much land is excepted; nor can any person, from reading the judgment alone, determine what land or how much land is left after the railroad right of way and the public streets have been excluded." There is no uncertainty in the judgment as to what land it is against. The judgment is against the whole of the northeast quarter of northwest quarter, except the streets and the railway right of way thereon; and, if the streets were marked out on the ground as well as the railway right of way, a mere inspection of the tract would show what part was excepted therefrom. If both the railway right of way and the streets had been marked out on the ground, it would seem that there could be no fair question that the description of the land in the judgment was not sufficiently certain. As a matter of fact, however, the streets were not so marked out, and a person seeking to identify the location thereof would have to go to the public records of the proceedings whereby they were laid out.

Does this necessity of examining the records to identify the part of the tract excepted render the description of the land in the judgment void for uncertainty? Counsel for plaintiff insists that it does, for the reason "that in any tax judgment a description which fails to identify the land referred to, and which must depend for its identification upon reference to any map, plat, record, or other fact aliunde the judgment, renders the judgment itself absolutely void." This is not strictly an accurate statement of the law, for nothing is more common than to refer to maps, plats, and other records, to identify the land described in deeds and tax judgments. The usual way of identifying a government subdivision of land is by the official survey and plat thereof, and a lot in a city or village is usually identified by the recorded plat thereof.

The rule is that a description of land in a tax judgment must be so

definite that by reading it the court can determine what land the judgment is against, and, if the description is not thus definite, it is inherently and fatally defective, and cannot be helped out by extrinsic evidence. But any description which distinctly points out the land in such a way as to leave no room for mistake as to what property is intended is sufficient, and evidence of extrinsic facts is admissible to apply the description and identify the land. Keith v. Hayden, 26 Minn. 212, 2 N. W. 495; Stewart v. Colter, 31 Minn. 385, 18 N. W. 98; Gilfillan v. Hobart, 34 Minn. 67; 24 N. W. 342; Herrick v. Morrill, 37 Minn. 250, 33 N. W. 849; Chouteau v. Hunt, 44 Minn. 173, 46 N. W. 341; Godfrey v. Valentine, 45 Minn. 502, 48 N. W. 325; Kern v. Clarke, 59 Minn. 70, 60 N. W. 809; Connecticut Mut. Life Ins. Co. v. Jacobson, 75 Minn. 429, 78 N. W. 10; Minneapolis Ry. T. Co. v. Minnesota D. Co., supra.

The cases cited and relied on by the plaintiff are cases where the description of the land was inherently defective and described no particular land. Take for example Keith v. Hayden, supra. The land was described as "S.² N. E.⁴ and N. W.⁴ S. E.⁴" of a designated section, and it was held that it described nothing; hence extrinsic evidence was inadmissible to help out the description. Kern v. Clarke, supra, was a similar case. The case of Bidwell v. Coleman, 11 Minn. 45 (78), also cited by the plaintiff, falls within the same class, for the land was described in the tax deed as two-thirds of a designated block. But which two-thirds of the block was intended there was no means of ascertaining, and the description was rightly held to be void for uncertainty. The judgment, however, under consideration, as already suggested, is definite and certain as to the land described. The judgment is against the whole of the government subdivision described, except the streets and railway thereon, and extrinsic evidence was admissible to identify the exception. We therefore hold the description of the land in the judgment to be sufficiently definite.

4. The last objection urged to the certificate is that there was a fatal misdescription of the land in the published delinquent list, which rendered the judgment, sale, and certificate void. It is an admitted fact that the land was described as being in range 21, when it was in fact in range 24. If this was the only fact relevant to the question, it would be clear that the objection was fatal. But the land was also described as being in the county of Hennepin, and in the Ninth Ward of the city

of Minneapolis, and in section 1. There is no range 21 in the county of Hennepin, and there is but one section 1 in the Ninth Ward of the city of Minneapolis, and that is in town 29, range 24. A description of land in the published delinquent list is sufficient if it so describes the land that the owner and all other interested parties may identify it with reasonable certainty. Doherty v. Real Estate T. I. & T. Co., 85 Minn. 518, 89 N. W. 853. Now, range 21 must be rejected from this description as an impossibility, as there is no such range in the county of Hennepin. This would leave the description of the land as the northeast quarter northwest quarter, section 1, township 29, in the Ninth Ward of the city of Minneapolis, in the county of Hennepin. As there is but one section 1 in the Ninth Ward, and that is in range 24, it appears beyond any fair doubt that the description in the published delinquent list can refer only to land in section 1, township 29, range 24, and therefore it identifies the land with reasonable certainty. Stewart v. Colter, supra; Chouteau v. Hunt, supra; Gribble v. Livermore, 72 Minn. 517, 75 N. W. 710.

The description, then, was sufficient, within the rule, and neither the judgment nor the certificate is void by reason of the alleged defect. It follows that the state assignment certificate in question is not void for any of the reasons alleged, and that the trial court's conclusion of law was correct.

Whether the decision of the trial court might not be sustained on the further ground that it does not appear from the record that the plaintiff's certificate has ever been declared void by the judgment of any court as provided by G. S. 1894, § 1610, is a question we have not considered, as it was not raised by counsel, and we leave it an open one.

Order affirmed.