# WILLIAM C. FOSTER v. LEE W. COCHRAN.[1]

October 25, 1912.

Nos. 17,640—(26).

**Description of government subdivison in tax certificate — evidence.**

A description of land in a tax proceeding is sufficient if it so describes the land that the owner thereof and all persons interested in it, if of ordinary intelligence, may identify it with reasonable certainty. Evidence of extrinsic facts is admissible to apply the description and identify the land. The usual way of identifying a government subdivision of land, or a lot in the platted portion of a village or city, is by reference to the official survey and plat thereof.

**Description sufficient.**

Rule applied, and *held*, that a description in a tax proceeding of lot 6 in a designated government section as the northwest quarter (N. W. ¼) of the northeast quarter (N. E. ¼) of the same section is sufficient.

Action in the district court for Morrison county to determine adverse claims to certain real estate. The case was tried before Taylor, J., who made findings of fact and conclusions of law as stated in the opinion. From an order denying his motion for judgment in his favor notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*E. A. Kling,* for appellant.
*William G. White,* for respondent.

START, C. J.

Appeal by defendant Cochran from an order of the district court of the county of Morrison denying his motion for a new trial in an action brought pursuant to R. L. 1905, § 972, to quiet plaintiff's title, based upon a tax certificate, to the land here in question.

The complaint described the land as situated in the county of Morrison and known as the northwest quarter (N. W. ¼) of the north-

[1] Reported in 137 N. W. 968.

east quarter (N. E. ¼) of section eighteen (18), township one hundred thirty-one (131), range twenty-nine (29), according to the government survey thereof. The answer alleged that the defendant was, and had been since August 11, 1903, the owner of the land attempted to be described in the complaint as the northwest quarter (N. W. ¼) of the northeast quarter (N. E. ¼) of section eighteen (18), but that there was no land in the county of Morrison legally so known or described, and, further, that the true description of such land was lot six (6) of the section named. The reply put in issue the allegations of new matter in the answer, and alleged that the land described in the complaint and answer were the same.

It was admitted on the trial on behalf of the defendant that there were no defects in the tax proceedings by virtue of which the plaintiff claimed title to the land, other than the alleged defect in the description of the land in such proceedings. The government map or plat of the survey of township 131, range 29, was received in evidence, which showed that the land which ordinarily would be known and designated as the northwest quarter (N. W. ¼) of northeast quarter (N. E. ¼) of section eighteen (18) was designated on such plat as lot five (5), containing .55 of an acre, and lot six (6), containing 39.45 acres. The two constituted the northwest quarter (N. W. ¼) of the northeast quarter (N. E. ¼) of section 18, and the whole thereof. The plat and other evidence received on the trial show that lot 5 was then a part of the reservation of Fort Ripley. The evidence also showed that the land in question was patented to the defendant's remote grantor as lots 5 and 6 of section 18, and that by mesne conveyance he acquired the record title to lot 6. Evidence was also received, over the objection of defendant, that the land in question was, for many years before he acquired any interest therein and ever since, described on the assessment rolls of the county and in all tax records and proceedings as the northwest quarter (N. W. ¼) of the northeast quarter (N. E. ¼) of section eighteen (18), and that the land had been sold, mortgaged, and conveyed under such description.

The trial court found the facts to be as follows: "That lot six of section eighteen, in township one hundred thirty-one of range

twenty-nine, described in the answer of defendant, Cochran, is included within and a part of the northwest quarter of the northeast quarter of said section eighteen, described in plaintiff's complaint, and that the plaintiff is the owner in fee simple thereof, and that defendant has no right, title, estate, or interest therein."

As a conclusion of law the trial court found that the plaintiff was the owner in fee simple of the northwest quarter of the northeast quarter of section eighteen, township one hundred thirty-one, range twenty-nine, and that the defendant had no title to or interest therein, and directed judgment accordingly.

The defendant assigns several alleged errors as to the rulings of the court in the admission of evidence; but none of them is urged in the brief, and they are waived.

The findings of fact are clearly sustained by the evidence, if the description of the land in the tax proceedings was sufficient to identify it. The only question, then, presented by the record for our decision, is whether the facts found by the trial court sustain its conclusion of law; that is, whether the description of the land in the tax proceedings was sufficient to identify it. The rule applicable to this question is this: A description of land in tax proceedings is sufficient if it so describes the land that the owner thereof and all persons interested in it, if of ordinary intelligence, may identify it with reasonable certainty. Evidence of extrinsic facts is admissible to apply the description and identify the land. The usual way of identifying a government subdivision of land, or lot in the platted portion of a village or city, is by reference to the official survey and plat thereof. National Bond & Security Co. v. Board of Commrs. of Hennepin County, 91 Minn. 63, 97 N. W. 413.

Applying this rule to the facts of the instant case, there can be no fair doubt as to the sufficiency of the description in the tax proceedings, for no man of ordinary intelligence could examine the government survey and plat without being clearly advised that lot 6, and the whole thereof, of section 18, was included within and was a part of the northwest quarter of the northeast quarter of the same section.

The cases of Keith v. Hayden, 26 Minn. 212, 2 N. W. 495, and

Knight v. Alexander, 38 Minn. 384, 37 N. W. 796, 8 Am. St. 675, cited by defendant, are not in point, for they are cases where the description of the land was inherently defective, and described no particular tract of land. We hold that the description of the land in the tax proceedings was sufficient.

Order affirmed.