THE PEOPLE, ex rel. ALFRED SHORT et al., Appellants, v. ORIN S. BACON as Sheriff, etc., Respondent.

In August, 1876, P. recovered a judgment against S. In October of that year S. executed a mortgage upon certain premises owned by him, and on the same day made a general assignment for the benefit of creditors. In November the relators recovered a judgment against S. In October, 1880, the mortgaged premises were sold upon execution, issued on P.'s judgment, bid in by him and the usual certificate issued to him by the sheriff. In 1881, the mortgage was foreclosed by action, in which the relators were made parties defendant, and under judgment therein the premises were sold, bid in by the mortgagee for less than the amount of the mortgage and a deed executed to him. In February, 1883, relators claiming a right to redeem, tendered to the sheriff the amount of P.'s judgment with interest, and demanded a deed, which was refused. In proceedings by *mandamus* to compel the sheriff to execute such deed, *held*, that the relators were not entitled to redeem and their demand was properly refused ; that the relators' lien, if any, was cut off by the foreclosure and sale under the mortgage ; but that they never acquired any lien, as the assignment vested the whole estate in the assignee ; and that the omission of the judgment debtor or his assignee to redeem from the sale, under the judgment gave to the relators no additional right, nor to their judgment any new virtue.

The right which an assignor for the benefit of creditors has to discharge the trusts, by payment of the debts before sale by the assignee, and to declare to whom the lands held in trust shall belong upon its termination, and his right to grant or devise the land subject to the execution of the trust are merely equitable, and do not impair or diminish the estate of the assignee, which remains perfect and exclusive until the purposes of the trust have in fact been accomplished.

(Argued April 29, 1885 ; decided June 9, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made January 24, 1884, which affirmed a judgment dismissing an alternative writ of *mandamus* issued herein.

The relators sought by *mandamus* to compel the sheriff of Ontario county to treat with them as judgment creditors of one George M. Spring, and as such entitled to redeem certain lands theretofore owned by him, and known as lot 5 in East

Bloomfield, Ontario county. They failed, because in the opinion of the court their judgment was not a lien upon the premises.

The facts were not disputed and in substance, as related by the trial judge, are, *First.* That Spring became the owner of the lands in question on the 11th of April, 1872. *Second.* On the 25th August, 1876, one Mark W. Powell recovered a judgment in the Supreme Court of the State against Spring for the sum of $338.75 damages and costs, which judgment was docketed in the clerk's office of Ontario county on the 29th September, 1876. On the 4th October, 1880, execution was issued upon the judgment to the sheriff of Ontario county, who, by virtue thereof, on the 20th November, 1880, sold the premises in question to the judgment creditor, Powell, for the sum of $340.50, and the usual certificate was executed and filed and recorded, and on the 22d November, 1880, the execution was indorsed satisfied, and filed. *Third.* On the 5th of October, 1876, Spring mortgaged them to one Benjamin D. Spring, and the mortgage was then duly recorded. *Fourth.* He was then insolvent, and afterward, but on the same day made a general assignment of all his property for the benefit of his creditors to one Gallup. *Fifth.* On the 23d November, 1876, the relators recovered a judgment in the Supreme Court against the said George M. Spring for the sum of $613.94 damages and costs, which was docketed in the Ontario county clerk's office on that day. *Sixth.* Afterward the mortgage above referred to was foreclosed, the relators being made parties defendant in the action. Judgment of foreclosure and sale was obtained on the 30th April, 1879, and the premises duly sold by virtue thereof on the 25th of August, 1881, to Benjamin D. Spring, for less than the amount of the mortgage, and he thereupon received a deed of said premises, and still retains the title thereto. *Seventh.* On the 20th of February, 1882, the relators tendered the amount of the Powell judgment, with interest thereon, to the sheriff of Ontario county, and demanded a deed of the premises, which was refused, and the sum tendered was afterward deposited in bank.

1885.] PEOPLE, ex rel. SHORT et al., v. BACON. **277**

Statement of case.

*Thomas M. Howell* for appellants. A judgment binds not only lands of which defendant is actually seized, but also a reversionary interest. (Kent's Com., part 4, § 66; *Burton* v. *Smith*, 13 Pet. 480.) The assignee was not a *bona fide* purchaser, or one for a valuable consideration. (*Griffin* v. *Marquardt*, 17 N. Y. 20; *In the Matter of Lewis*, 81 id. 424.) His power to convey the land was dependent upon the terms of the assignment to him. (*Slade* v. *Van Vechten*, 11 Paige, 23; Bishop on Insolv. Debt. 270, § 292; *Rockwell* v. *Brown*, 54 N. Y. 213.) The right of redemption does not belong to the assignee by the Code. (*Livingston* v. *Arnoux*, 56 N. Y. 515.) In spite of the assignment or sale, made by virtue of the mortgage, which was an inferior lien to the Powell judgment, the relators, by their offer of redemption, became seized of the title to the land that George M. Spring had on the 29th of September, 1876. (*Ex parte Peru Iron Co.*, 7 Cow. 553; *Emmett's Adm'rs* v. *Bradstreet*, 20 Wend. 51; *Chautauqua Co. Bk.* v. *Risley*, 19 N. Y. 373; Freeman on Judgments, § 379.) The foreclosure of the mortgage did not affect the judgment of Mark W. Powell nor the right of redemption under it. That judgment was the superior lien. (*Spring* v. *Spring*, 90 N. Y. 543; *Fisk* v. *Potter*, 2 Ct. App. Dec. 138; *Bayley* v. *Greenleaf*, 7 Wheat. 46; *Hulett* v. *Whipple*, 58 Barb. 227; *Kelly* v. *Scott*, 49 N. Y. 395.) The title that Benjamin Spring, the mortgagee, obtained by the foreclosure of the mortgage was subordinate to the title acquired by the sale under the Powell judgment, and by Benjamin Spring's neglect to redeem within the year, his rights were ended, and the Powell judgment remained a lien until fifteen months expired, subject to redemption by the judgment of the relators. The decree did not affect rights paramount to the mortgage. (*Rathbone* v. *Hooney*, 58 N. Y. 466; *Brainard* v. *Cooper*, 10 id. 356.) The right of redemption could not be foreclosed by an intermediate proceeding under a mortgage inferior to the Powell judgment. (*Rankin* v. *Scott*, 12 Wheat. 179; *Rathbone* v. *Hooney*, 58 N. Y. 466; *Brainard* v. *Cooper*, 10 id. 357; *Spring* v. *Spring*, 90 id. 545.) The Powell judgment

was a lien superior to the mortgage. (*Bayley* v. *Greenleaf*, 7 Wheat. 51; *Hulett* v. *Whipple*, 58 Barb. 224; *Fisk* v. *Porter*, 2 Ct. App. Dec. 140.) Notwithstanding the foreclosure of the mortgage, the judgment of the relators, the assignment being out of the way, was a lien for the purpose of redemption on the land sold under the Powell judgment, and followed the land into the hands of the purchaser under that judgment, for fifteen months, unless redeemed within the year by the purchaser under foreclosure. (Code, § 1632; *Eddy* v. *Traver*, 6 Paige, 526.)

*Wm. H. Adams* for respondent. The relators were in no position to redeem, as their judgment had ceased to be, and in fact never had been, a lien upon the premises in question. (*Hurd* v. *Magee*, 3 Cow. 35; *Marsh* v. *Wendover*, id. 69; 90 N. Y. 543, 544; Code, § 1450.) No lien ever having been created by the relator's judgment against the premises, or if one was created, the same having been cut off by the foreclosure suit, it is impossible, under the circumstances of the case, that any lien can be hereafter obtained. (*Briggs* v. *Davis*, 21 N. Y. 574; *Marvin* v. *Smith*, 46 id. 571.)

DANFORTH, J. It is impossible to find any error in the decision which followed the findings of the trial court. The effect of a judgment at law and the right of a judgment creditor are defined by statute, and the learned counsel for the appellants shows no provision upon which his claim can stand.

*First*, the foreclosure : The relators' lien or right, whatever it may have been, upon the land or interest of the mortgagor or judgment debtor was subsequent to the mortgage. (*Spring* v. *Short*, 90 N. Y. 538.) They were parties to the foreclosure, and the conveyance in pursuance of it was an entire bar against them, as well as against the mortgagor. Neither could after that have any right or interest in the equity of redemption. If the sale had produced a surplus, a different question would have been presented, and the case cited by the learned counsel for the appellants (*Fliess* v. *Buckley*, 90 N. Y. 291) would be

1885.]     PEOPLE, ex rel. SHORT et al., v. BACON.     **279**

Opinion of the Court, per DANFORTH, J.

authority for upholding a lien upon it, provided one had previously existed upon the land.

On the other hand, if the relators, as they claim, were not proper parties to the foreclosure, it was because the assignment had transferred the title from the debtor to his assignee before the recovery of their judgment. (*Spring* v. *Short, supra.*)

*Second,* the assignment: It created a trust for the benefit of creditors of the assignor, and not only in terms, but by force of the statute, vested his whole estate in law and in equity in the assignee, subject only to the execution of the trust. (1 R. S., part 2, chap. 1, art. 2, §§ 55–60.) The assignor, however, might have declared to whom the land to which the trust related should belong in the event of its termination, and subject to its execution he might have granted or devised it. (*Id.*, § 61.) But no title or interest remained in him, and consequently there was nothing to which the lien of a judgment could attach. (*Briggs* v. *Palmer*, 20 Barb. 392; *Briggs* v. *Davis*, 20 N. Y. 15; *Leonardsville Bank* v. *Willard*, 25 id. 574; *Marvin* v. *Smith*, 46 id. 571.) It does not follow, however, that the assignor could not discharge the trust by payment of the debts before sale by the assignee, or become entitled to the residue remaining unsold after the debts were discharged (*Wintringham* v. *Lafoy*, 7 Cow. 735; *Briggs* v. *Davis, supra*), and the contention of the learned counsel for the appellants seems to be that there was, therefore, a reversionary interest in the assignor upon which the relators' judgment might attach. This, however, is going too far. The right which an assignor might exercise for these purposes is merely an equitable one, and in no sense impairs or diminishes the estate of the assignee, which remains perfect and exclusive until the purposes of the trust have in fact been accomplished.

Nor are we able to see that the omission of the judgment debtor or his assignee to redeem from the sale under the Powell judgment give to the relators any additional right, or to their judgment any new virtue. The debtor's right did not pass to them. Nor did the failure of his assignee to redeem make their judgment a lien upon the land, and without that

they could not as judgment creditors acquire the interest of the purchaser at the sheriff's sale under the prior judgment. (2 R. S. 371, § 51.) That omission and failure had no other conse- quence than to let in for the purpose of redemption a creditor, who by decree, judgment, or mortgage, had a lien or charge upon the premises so sold. The relators' judgment was not of that character. The argument in their behalf has been care- fully considered, but we find no reason in it, or in the cases cited by their counsel, to create a doubt as to the correctness of the judgment appealed from, nor necessity to add more to the opinion of the learned court directing it.

We think the judgment should be affirmed.

All concur.

Judgment affirmed.