H. H. McNAMARA v. MICHAEL FINK and Others.[1]

January 6, 1898.

Nos. 10,742—(225).

**Taxes—Judgment—Collateral Attack—Irregularities in Assessment.**
Errors, irregularities, or omissions in the assessment of land do not go to the jurisdiction of the court to render judgment for the taxes, and are no ground for a collateral attack on the judgment.

**Tax-Assignment Certificate—Prima Facie Evidence—Posting Notice of Sale.**
*Held*, that there was no evidence rebutting the prima facie evidence furnished by the "tax-assignment certificates" that the notice of sale under the judgment was duly posted.

**Tax Sale—Sufficiency of Notice of Expiration of Redemption.**
Certain objections to notices of the time of the expiration of the period of redemption considered, and *held* not well taken.

Action in the district court for St. Louis county against Michael Fink, Thomas A. Whittaker and Otis W. Saunders to determine adverse claims to three parcels of land. The defendant Fink set up in his answer that he was the owner in fee of the lands described, but that the plaintiff claimed an interest therein adverse to him, a determination of which adverse interest was asked of the court. Defendant Saunders set up in his answer that he had been a judgment creditor of defendant Fink, but had assigned his judgment to one Smith, who then intervened in the action. After a trial without a jury, the court, Cant, J., ordered judgment for plaintiff. From an order denying their motion for a new trial the defendants and intervenor appealed. Affirmed.

*McGindley & Marshall* and *O. L. Young*, for appellants.
*Henry S. Mahon*, for respondent.

MITCHELL, J.

This action was brought to determine adverse claims to real estate. It is admitted that the title was, and still is, in defendant, unless devested by the tax titles under which plaintiff claims, the

[1] Reported in 73 N. W. 649.

basis of which was "tax-assignment certificates," executed April 1, 1894, of three tracts of land which had been offered for sale and bid in for the state in May, 1891, under a tax judgment rendered in March of that year for the taxes of 1889. The defendant assails the validity of the tax titles on the three following grounds: First, that the land was not properly assessed; second, that the notice of sale under the tax judgment was not properly posted; third, that the notices of the expiration of the redemption period were fatally defective.

1. Assuming, without deciding, that the land was not properly assessed, this might have been a good defense to the application for judgment, or, upon proper showing, a ground for opening the default judgment and granting leave to plaintiff to defend on the merits, but is not available as a ground of collateral attack on the tax judgment. Irregularities or defects in the assessment do not go to the jurisdiction of the court to render the tax judgment. G. S. 1894, § 1582. Decisions in jurisdictions in which all the proceedings to enforce the collection of taxes are in pais are not in point.

2. The statute requires the notice of sale to be posted in the office of the clerk of the court, in the office of the county treasurer, and at some other conspicuous place at the county seat. G. S. 1894, § 1591. But it also makes "certificates of assignment" prima facie evidence that all the requirements of law "with respect to the sale have been duly complied with." Id. §§ 1594, 1601. As against this prima facie case the only evidence was the fact that there was no proof of posting filed in the county auditor's office (we are not aware of any provision of statute requiring this to be done), and the testi- mony of one who was then a clerk in the county auditor's office that he saw copies of the notice of sale posted in the auditor's office, clerk's office, and outside of the front door of the court house. He was not inquired of whether one was also posted in the treasurer's office, and did not say whether he had looked to see whether the notice was posted there. The fact that the notice was posted in three places does not of itself tend to prove that it was not posted in a fourth. There was nothing rebutting the prima facie evidence of posting furnished by the certificates themselves.

3. The tracts were bid off for the state for the sums of $4.23, $2.25, and $2.25, respectively, and assigned to the plaintiff or his grantor for the sums of $16.14, $9.19, and $9.89, respectively. The notices stated these facts, and also that the amounts required to redeem the respective tracts "from such assignments" were $16.14, $9.19, and $9.89, with interest on each of these amounts at one per cent. per month from April 1, 1894, and that

"The time within which said land can be redeemed from said assignment will expire sixty days after service of this notice and proof thereof has been filed in the manner prescribed by section 37, of chapter 6, General Laws of Minnesota for the year 1877, and amendments thereto."

The statute provides that land bid in for the state shall be assigned and conveyed to any person who shall pay the amount for which it was bid in, with interest, and the amount of all subsequent taxes, penalties, costs, and interest on the same. G. S. 1894, § 1601. The statute further provides that, where the right of the state has been assigned, a redemptioner must pay

"The amount paid by the assignee with interest from the day when so paid, and all unpaid delinquent taxes, interest, costs, and penalties that may have accrued on such piece or parcel after such assignment; and if he shall have paid any delinquent taxes, penalties, costs, or interest accruing subsequent to the assignment, the amount so paid by him, with interest from the day of such payment." G. S. 1894, § 1602.

In this case the notices of the expiration of redemption do not claim anything because of taxes paid subsequent to the assignment. The amounts stated to be required to be paid in order to redeem were merely the sums paid to the state, with interest. These notices correctly state every fact required by the statute. There was no error in the use of the term "redemption from the assignment," instead of "redemption from the sale." The assignment is in fact the sale from which the redemption has to be made. The amounts claimed are in exact accordance with the statute.

State v. Baldwin, 62 Minn. 518, 65 N. W. 80, cited by counsel, is not in point. In the present case there is an express provision of statute that the amount paid by the assignee shall bear interest.

The notices sufficiently stated the time when the period of redemption would expire. The difference in that regard between them and those considered in Kenaston v. Great Northern, 59 Minn. 35, 60 N. W. 813, and State v. Halden, 62 Minn. 246, 64 N. W. 568, will be apparent on comparison. A reference to the statute in a notice already complete will not vitiate it.

Order affirmed.