WIRT H. COOK v. JOHN SCHROEDER LUMBER COMPANY.[1]

January 31, 1902.

Nos. 12,871—(187).

**Delinquent Tax List—Affidavit of County Auditor.** ·

The omission by the county auditor to verify by his affidavit the delinquent tax list filed by him in the office of the clerk of the court does not affect the jurisdiction of the court in the premises, nor the validity of the tax judgment.

**Evidence of Filing.**

There were no file marks on the delinquent list, but at the time of the trial the list was found in the clerk's office in a wrapper upon which were indorsed these words: "Judgment Roll. Delinquent Tax List Lake County for Year 1894. Filed in my office 21st March, 1896." This was signed by the clerk. The tax judgment recited that the list had been duly filed. *Held*, that this indorsement does not prove that the list was not duly filed, nor rebut the recitals of the judgment that it was.

**Description of Land.**

The land in the tax judgment was described as "S. W. ¼ of N. W. ¼ lot 2 & 3," of a named section, town and range: *Held*, that it was a sufficient description of the southwest ¼ of the northwest ¼, and lots 2 and 3 of the section.

[1] Reported in 88 N. W. 971.

Posting Notice of Tax Sale—Affidavit.

The mere fact that no affidavit of the posting of the notice of a tax sale is found with the files and records of the tax proceedings is not evidence rebutting the recital of the tax certificate that the notice was duly given.

Land Bid in by State.

If land is offered at a tax sale to the bidder, if any there be, who will pay the amount for which it is to be sold, and bid in by the state in default of other bidders, and a record thereof made, no irregularity in the conduct of the sale will render it invalid. Evidence *held* to be insufficient to show that the statute was not complied with in making the tax sale in this case.

Notice of Redemption.

The notices of redemption were sufficient. McNamara v. Fink, 71 Minn. 66, followed.

Action in the district court for Lake county to determine the adverse claims of defendant to vacant and unoccupied land. The case was tried before Dibell, J., who found in favor of plaintiff. From a judgment entered pursuant to the findings defendant appealed. Reversed.

*John G. Williams*, for appellant.

*John Jenswold, Jr.*, for respondent.

START, C. J.

Action to determine adverse claims to real estate. The defendant claimed title to the land by virtue of a tax title. The land, pursuant to a real-estate tax judgment of the district court of the county of Lake, entered March 21, 1896, for delinquent taxes thereon for the year 1894, was bid in for the state May 4, 1896. The defendant has acquired the title of the state. Judgment was entered in this action for the plaintiff, to the effect that he was the absolute owner of the land. The only question for our decision is whether the defendant's title is valid. The plaintiff, in support of his judgment, urges that the tax title is void for the following reasons:

1. The delinquent list was not verified by the affidavit of the county auditor, as required by G. S. 1894, § 1579, which provides that the county auditor "shall verify such list by his affidavit that

the same is a correct list of taxes delinquent for the year or years therein appearing upon real estate in said county." The county auditor certified under his hand and official seal to the correctness of the list, but the record does not show that he verified the list by his affidavit. Assuming that the list was never verified by the affidavit of the county auditor, it must be and is held, on the authority of Board of Co. Commrs. of Mille Lacs Co. v. Morrison, 22 Minn. 178, that the omission did not affect the jurisdiction of the court, and that the tax title is not invalid for this reason. It was held in that case that if the list is actually filed by the auditor, and the publication prescribed by the statute made, no mistake or error in the proceedings affects the jurisdiction of the court.

This decision was followed in Bennett v. Blatz, 44 Minn. 56, 46 N. W. 319. It is difficult to see how any other conclusion could have been reached without a judicial repeal of the statute, which then and now expressly provides that the jurisdiction of the court "shall not be in any way affected by any error in making the list filed with the clerk." Laws 1874, c. 1, § 113; G. S. 1894, §§ 1582, 1588. But were it otherwise, the decision in the case of County of Mille Lacs has become a rule of property, and must be adhered to. Counsel for plaintiff seeks to distinguish that case from this, for the reason that in this case there was an entire absence of any affidavit of the auditor, while in the other there was an affidavit, which was irregular because it had no venue. The decision, however, was not based upon any such distinction, but upon the broad ground we have indicated.

2. The tax judgment was entered March 21, 1896, and recites that the delinquent list was duly filed in the office of the clerk of the court, and the notice and list required by law duly published; that the 20th day of March, 1896, had passed, and no answer had been filed. No claim is made in this case that the notice and list required by law were not duly published, but plaintiff claims that the list was not filed in the clerk's office until March 21, 1896,—the day on which the judgment was entered,—and therefore the judgment is void. The short answer to this claim is that there is no evidence in the record to show that the list was not duly filed on or before January 20, 1896; hence it is unnecessary to discuss

or decide the question whether the judgment would have been void if the list had not been so filed. It is true that there are no file marks on the list, and also true that at the time of the trial of this action the list, consisting of fourteen sheets of paper pinned together, was found in a wrapper tucked in at both ends and that upon this outside wrapper there was indorsed these words:

"Judgment Roll. Delinquent Tax List Lake County for Year 1894. Filed in my office 21st March, 1896. Geo. Mumford, Clerk of Court Lake and Cook County."

This is claimed by plaintiff to be proof positive showing when the list was filed; that no other evidence is competent to contradict the file marks, or to show when the list was actually filed, and hence it conclusively appears that the action was not commenced until the day the judgment was rendered.

In the absence of a statute to the contrary, if a paper is deposited with the clerk of a court in his office for the purpose of making it a part of the record in any particular action or proceeding, it is filed, although the clerk makes no indorsement upon it. Schulte v. First Nat. Bank of Minneapolis, 34 Minn. 48, 24 N. W. 320; Bogart v. Kiene, supra, page 261; 8 Enc. Pl. & Pr. 927. Therefore the absence of file marks on the delinquent list has no tendency to show that it was not duly filed. But stress is laid upon the file marks on the wrapper inclosing the list. If they prove anything, it is that the clerk, when he entered the judgment, assumed that the delinquent list became the judgment roll, and so marked the wrapper, and placed the file marks thereon. However this may be, the indorsement is wholly insufficient to overcome the recitals of the judgment, and the fact that the list and notice were duly published. They could not have been so published unless the clerk delivered in due time a copy of the list then in his office to the auditor.

3. The third objection to the tax judgment is that the tax judgment is void because the description of the land therein is insufficient. The land here in controversy is southwest ¼ of northwest ¼, lot 2, and lot 3, of section 15, the north ½ of northeast ¼ of section 17, and the southwest ¼ of southeast ¼ of section 33, all in town 59

north, of range 6 west, and was described in the tax judgment as follows:

| NAMES OF OWNERS. | DESCRIPTION OF TRACT. Subdivision of Section, Lot, or Block. | Sec. or Lot. | Twp. or Block. | Range. | Number of Acres. Acres 100ths. |
|---|---|---|---|---|---|
| P. M. Ranney | Town 59 North Range 6 W. | | | | |
| " | S. W. ¼ of N. W. ¼ Lot 2 and 3 | 15 | | | 109 75 |
| " | N. ½ of N. E. ¼ | 17 | | | 80 |
| " | S. W. ¼ of S. E. ¼ | 33 | | | 40 |

The first objection made to this description is that it is uncertain whether the figures 15, 17, and 33 refer to sections or to lots or blocks, because the heading of the column in which they appear is "Sec. or Lot." The figures in this column, preceded and headed as they are by a designated town and range, clearly refer to the numbers of a section, and not of a lot or block; hence the description is not ambiguous for the reason urged. Bower v. O'Donnall, 29 Minn. 135, 12 N. W. 352; Chouteau v. Hunt, 44 Minn. 173, 46 N. W. 341; Godfrey v. Valentine, 45 Minn. 502, 48 N. W. 325; McQuade v. Jaffray, 47 Minn. 327, 50 N. W. 233.

But counsel for the plaintiff asserts that the description of the land in section 15 is, of course, fatally defective. This can only be true if the description might reasonably mislead a person interested in learning whether there was a tax judgment against the S. W. ¼ of the N. W. ¼, and lots 2 and 3 of section 15, township 59 N., range 6 W. It is manifest on the face of the judgment that, without the insertion of conjunctions or marks of punctuation, the description of the land therein includes S. W. ¼ of N. W. ¼ and lots 2 and 3 of section 15, and that is sufficient. The words "lot 2 & 3" therein used necessarily mean lot 2 and lot 3, just as clearly as would the term "lots 2 and 3"; hence the description in the judgment, "S. W. ¼ of N. W. ¼ lot 2 & 3," cannot be reasonably construed as meaning anything else than S. W. ¼ of N. W. ¼ lot 2 and lot 3. Counsel, however, claims that, even if this be so, still the description can only mean the S. W. ¼ of the N. W. ¼ of lots 2 and 3. Such is not only an unreasonable construction of the description, but it would make it an impossible description of a single

tract of land; for the S. W. ¼ of the N. W. ¼ of each of two lots cannot be a single contiguous tract. The cases of Keith v. Hayden, 26 Minn. 212, 2 N. W. 495, and Kern v. Clarke, 59 Minn. 70, 60 N. W. 809, which were followed in Fagan v. Huntress & B. L. Co., 80 Minn. 441, 83 N. W. 382, are not in point; for in those cases an attempt was made to describe the land by letters and figures similar to S. 2 N. E. 4. We hold the description of the land in the judgment in this case sufficient.

4. It is further urged that the tax sale is void because the notice of sale of the land pursuant to the tax judgment was not posted as required by G. S. 1894, § 1591. The records and files in this case disclose no evidence that the notice was not so posted. The plaintiff, however, offered to show that there was no proof of the posting of the notice on file in the office of the clerk of the court. Assuming that such was the fact, it would not be evidence sufficient to rebut the prima facie evidence furnished by the certificate of sale that the notice of sale was duly posted. McNamara v. Fink, 71 Minn. 66, 73 N. W. 649.

5. Another objection urged to the tax title is that the land was not offered for sale in accordance with the provisions of G. S. 1894, § 1592, which provides that:

"The auditor shall sell by public vendue each piece or parcel of land separately in the order in which they are described in the judgment and by the description therein.   *   *   *   In offering the land for sale he shall state the amount for which each piece or parcel is to be sold and shall then offer the same in fee to the highest bidder who shall bid not less than the amount for which the same is to be sold. If no bidder shall bid an amount equal to that for which the piece or parcel is to be sold then he shall bid in the same for the state at such an amount."

The record of the tax proceedings, including the certificate of sale, shows that this statute was complied with in making the sale of the land pursuant to the judgment. But the plaintiff on the trial called the ex county auditor who made the sale, and he testified, over the objection and exception of the defendant, to the effect that in conducting tax sales he never made a practice of starting at the beginning and reading the list clear through; that the sale was opened in the morning, beginning with the regular

order, but if there were any bidders present who were anxious to leave, but desired to bid on certain pieces, and there were no objections, he would offer such pieces and let them bid on them, and when this was done he would "turn back to the rest of the sale again," but when there were no bidders, nor any one except himself present, he did not read each description aloud, as he could not see any object in so doing.   His final statement was this:

"Q. So that if these lands here in question were not bid in by any individual, the description of those lands was not read aloud by you?   A. No, sir; if there wasn't anybody there to bid on them."

Assuming, without so deciding, that this evidence was competent, we are of the opinion, and so hold, that it is not sufficient to establish the invalidity of the sale.   It must be admitted that this evidence establishes the fact that each piece or parcel of land was not offered for sale by the auditor in the order in which it was described in the judgment, but such fact alone does not render the sale void; for the statute expressly provides that no tax sale shall be held invalid unless the party objecting to the same shall prove

"Either that the taxes were paid before judgment was rendered, * * * or that the piece or parcel of land was not offered at said sale to the bidder who would pay the amount for which the piece or parcel was to be sold."   G. S. 1894, § 1594.

No other irregularity in the conduct of the sale can invalidate it. The history of this provision as to offering the land to bidders supports this conclusion.   The original of this section is Laws 1874, c. 1, § 125, in which the clause we are here considering is in these words:

"Or that the piece or parcel of land was not first offered at said sale to the bidder who would pay the amount for which the piece or parcel was to be sold *for the shortest term of years.*"

The statute (section 123) then in force required the auditor first to offer the land to the bidder who would pay the amount for which it was to be sold for the shortest term of years, but, failing to receive such a bid, he was authorized to offer and sell the land in fee.   The noncompliance with the statute in this respect was a matter which affected the substantial rights and interests of the

landowner; hence the law provided that, if it was proven that no opportunity was given for the purchase of the land for the shortest term of years, the sale should be set aside. This, by necessary implication, excluded all other irregularities in the conduct of the sale as a ground for avoiding it.

The scheme of first offering the land at a tax sale for a term of years was abrogated by Laws 1875, c. 5, § 28. This left the provision that the sale might be avoided by showing that the land was not first offered for sale for the shortest term of years functionless, for it would be absurd to hold a sale void for failure to do an act which was not authorized to be done by law. The provision was re-enacted by Laws 1878, c. 1, § 85, omitting the clause we have italicized. No further changes have been made in this particular provision. While it is not clear why this provision was retained in its modified form after the reason for its enactment had ceased, yet, it having been expressly re-enacted, it must be given effect. It is, however, apparent that it operates, precisely as it did in its original form, to exclude all other irregularities in the conduct of the sale as a reason for setting it aside. It is also clear that the provision is not to be construed literally; otherwise, if there were no bidders present at the sale to whom the land could be offered, there could be no valid sale to the state or to any other party. Construing the provision in the light of its history and from the standpoint of common sense, it means that if the party objecting to a tax sale shall prove that the land at the sale was not offered to the bidder, if any there were, who was willing to pay the amount for which it was to be sold, the sale must be set aside, but that no other irregularity in the conduct of the sale will render it invalid.

The plaintiff in this case offered no evidence sufficient to rebut the prima facie case made by the record and the certificate of sale that the statute was complied with in the conduct of the sale. On the contrary, the evidence shows that the land was offered for sale, and that every person desiring or willing to bid had a fair opportunity to do so. When the auditor was alone, it was immaterial whether he read the descriptions low or loud. When it is attempted, as in this case, to impeach the record of a tax sale and

the certificate thereof, and thereby devest the title of a party who purchased the land in reliance thereon by proof of a fact which rests solely in the secret knowledge of the auditor making the sale, —that is, where the question whether the title is valid or void depends upon his veracity or memory,—plenary proof must be made of the fact. See Mulvey v. Tozer, 40 Minn. 384, 42 N. W. 387. The cases cited by the plaintiff are not here in point. In Gilfillan v. Chatterton, 38 Minn. 335, 37 N. W. 583, there was no pretense that the land had been offered for sale to any one. On the contrary, the tax deed recited that the land was never offered for sale pursuant to the tax judgment. In Mulvey v. Tozer, supra, there was no record that the land had been offered at the tax sale, and it was held that the fact that the land was offered for sale and bid in for the state must appear from the records. In Pine Co. v. Lambert, 57 Minn. 203, 58 N. W. 990, it was stipulated that the lands were never sold under the judgment.

6. The last objection to the tax title is that the notices of redemption were insufficient, as to the statement therein of the amount required to redeem, and as to the time in which to redeem. The notices in these respects were in all substantial particulars the same as the notice in the case of McNamara v. Fink, supra, which was held sufficient. It is also claimed that the proof of the service of the notices by publication was insufficient because it was filed before the publication had expired. The notices were duly published once in each week for three successive weeks, viz., October 19 and 26 and November 2, and on November 3 proof of publication was made and filed. It is true that the last publication did not end until November 9, but it was made on November 2, nothing further was necessary to be done to make it complete, and it was proper to make and file the proof the next day. Objection was made to the description of the land in one of the notices. The description was similar to one in the judgment which we have considered. It was sufficient. The notices of redemption and the proof of publication thereof were sufficient.

No other objections of any merit are made to the tax title through which the defendant claims, and we hold that it is valid, and that the defendant was entitled to judgment in its favor, as

prayed for in its answer.  Judgment reversed, and case remanded, with direction to the district court to amend its findings of fact and conclusions of law to the effect that the plaintiff is not, but the defendant is, the owner of the land described in the complaint, and direct judgment to be entered accordingly.

Judgment reversed.