# C. J. LAURISCH v. MINNEAPOLIS, ST. PAUL, ROCHESTER & DUBUQUE ELECTRIC TRACTION COMPANY.

## LOU L. LAURISCH v. SAME.[1]

January 21, 1916.

Nos. 19,559—(194).

**Negligence — evidence.**

1. The evidence was sufficient to sustain a verdict finding defendant guilty of negligence, and plaintiffs free from negligence.

**New trial — newly discovered evidence.**

2. In denying a motion for a new trial made on the ground of newly discovered evidence, the court committed no error.

**Refusal to permit view by jury.**

3. There was no error in a remark of the court made in denying a request to send the jury to view the place of the accident.

**Charge to jury — rulings on evidence.**

4. There was no reversible error in the charge to the jury, in the refusal to give an instruction requested by defendant, or in certain rulings on the admission of evidence assigned as error.

Two actions in the district court for Blue Earth county for personal injuries received while traveling in an automobile along the public highway crossing the railroad tracks of defendant. In the action of the husband the complaint demanded judgment for $2,800 and in the action of the wife the complaint demanded judgment for $2,500. The cases were tried together before Comstock, J., who when plaintiffs rested denied the separate motions of defendant for a dismissal of the actions, and a jury which returned a verdict of $1,000 in favor of the husband and a verdict of $1,075 in favor of the wife. From an order

[1] Reported in 155 N. W. 1074.

Note.—For violation of rule as to giving signals at railroad crossing as evidence of negligence towards member of public, see note in 8 L.R.A. (N.S.) 1063.

denying separate motions for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*M. H. Boutelle, R. T. Boardman* and *H. L. Schmitt,* for appellant.

*S. B. Wilson* and *C. J. Laurisch,* for respondents.

BUNN, J.

Defendant operates a railroad from Minneapolis to Mankato. About five miles north of Mankato its track crosses a public highway known as the "bluff road," running from Mankato to St. Peter. The track, as it approaches the crossing, comes down through a ravine between a line of bluffs to the Minnesota river valley. It crosses the highway at an angle like the letter X. The highway skirts the bluff. There is a sharp curve in the track before it reaches the highway. The engineer is not able to see the crossing until within 100 feet of it, though one on the other side of the cab can see it some 400 feet away. The highway approaches the crossing at a steep grade, and the view in the direction from which the train in question came is cut off from persons approaching the track until they are within a few feet of it. At about nine o'clock in the evening of September 27, 1914, plaintiff C. J. Laurisch, and his wife, plaintiff in the second case, were coming from St. Peter to Mankato in the former's automobile; as they approached the track at the crossing described, they proceeded up the grade at a slow rate of speed, looking and listening for trains. They saw and heard nothing until within six or eight feet from the track, when they discovered a train coming toward them from the left. Mr. Laurisch, who was driving the automobile, applied the brake, and threw his engine into reverse; Mrs. Laurisch jumped out; the automobile was struck by the pilot beam of the engine, and completely demolished; Mr. Laurisch was bruised, and his wife thrown to the ground and injured.

These actions were brought to recover for the damages to the automobile, and for the personal injuries sustained by the respective plaintiffs. They were tried together, a verdict of $1,000 returned in favor of plaintiff C. J. Laurisch, and a verdict of $1,075 in favor of Mrs. Laurisch. Motions were made in each case for judgment notwithstanding the verdict, or for a new trial. These motions were denied, and defendant appealed from the order.

It is urged that defendant was guilty of no negligence that was the proximate cause of the accident. This claim cannot be sustained. There was evidence reasonably tending to show, and sufficient to justify the jury in finding, that the engine did not have a headlight as required by statute; that the crossing signals were not given, and that the train was running at an excessive rate of speed. There is no fair question of proximate cause involved.

We are also unable to sustain the claim that either plaintiff was guilty of contributory negligence as a matter of law. It is needless to further refer to the evidence as to the care used by plaintiffs in approaching this crossing, or to the situation that confronted them. The facts bring the case well within the class of cases where the decision must be left to the jury. It profits nothing to cite any of the multitude of crossing cases found in our reports. We hold that the question of whether plaintiffs used ordinary care to avoid a collision with the train was for the jury, and that the evidence sustains the verdict on this point in both cases.

There is a claim of newly discovered evidence, but it was manifestly not error to refuse a new trial on this ground. The new evidence was merely cumulative. There was no abuse of discretion here.

Defendant assigns as error a remark of the trial court made in denying its request for a view of the *locus in quo,* to the effect that the record tended to show a change in the conditions there, and that it might be confusing to the jury to grant the view. The matter of denying or granting the request was plainly discretionary with the court, and we see no possible prejudice in its statement of the reason which influenced it. There was no error in the court's direction to the jury to pay no attention to the remark of counsel for defendant, expressing to the jury his deep sorrow that they could not have visited the place of the accident.

The assignments of error that relate to the charge to the jury are for the most part wholly without merit. Some verbal inaccuracies are complained of, but they were not pointed out at the trial, and clearly come within the rule of Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754. This rule is applicable to the inaccurate definition of proximate cause given by the court; to an instruction confusing cause and effect; to the statement that a person, in order to save the life of near relatives may incur a *very great* risk without being charged with contributory negli-

gence, and to other even less important inaccuracies. There is an objection to a part of the charge, on the ground that it pointed out particular portions of the evidence for the consideration of the jury to the exclusion of others. We do not find that the criticism is justified. Considered as a whole the charge of the trial court was fair to both parties and without substantial error.

After the court finished its charge, including the giving of instructions previously requested in writing, defendant's counsel orally asked the court to state to the jury that, as between a traveler on the highway and a railroad train, the latter has the right of way. The court refused this request, and this is assigned as error, mainly on the ground that this ruling in the presence of the jury was apt to give them the impression that the traveler had the right of way. The record shows that the court denied the request because it did not think that question was in the case, and we agree that it was not. Counsel for plaintiff stated that they had never claimed that the company did not have the right of way, and the instructions given leave no room for the suspicion that any wrong idea was given the jury.

We find no prejudicial error in the rulings of the trial court receiving in evidence a photograph of the damaged automobile, and refusing to admit a photograph of an engine said to be like the one with which plaintiffs collided. If there was technical error in the last ruling it was plainly without prejudice, as a photograph of the engine could be of but slight help to the jury.

The order appealed from is affirmed.